[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action in two counts claiming damages for injuries and losses alleging negligence and assault and battery arising out of the defendant's psychiatric care and treatment of the plaintiff. The defendant moves for summary judgment, claiming that the writ, summons and complaint was not served on the defendant until October 24, 1988, and that CT Page 609 as the defendant's treatment of the plaintiff was concluded prior to October 18, 1986, the plaintiff's action is barred by the applicable statutes of limitations, Connecticut General Statutes Sections 52-584 and 52-577, respectively.
The plaintiff conceded that the assaults and batteries occurred prior to February 1982, both in her brief and in oral argument to the Court, and therefore, did not oppose the entry of summary judgment on the second count. The plaintiff opposes the granting of the motion as to the first count, claiming that genuine issues of material fact exist as to both when the defendant's treatment of the plaintiff ended and as to when the plaintiff discovered or should have discovered her injury.
The Court agrees with the plaintiff.
Connecticut General Statutes Section 52-584 in pertinent part provides that, "No action to recover damages for injury to the person, . . ., caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, . . ., shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ."
The first issue is when the plaintiff discovered or should have discovered "actionable harm." The case here is not like that involved in Barnes v. Schlein, 192 Conn. 732 (1984) (two ankle operations), or Burns v. Hartford Hospital,192 Conn. 451 (1984) (leg surgery with infection), but is one of psychiatric treatment which includes mental impressions and perceptions that are subjective in nature.
"A cause of action will not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but that also his injury may have been caused by the defendant's wrongful conduct." Catz v. Rubenstein, 201 Conn. 39, 47 (1986) (emphasis is in original).
"Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable influences that may be drawn." Catz v. Rubenstein, supra, 49.
Under the circumstances presented here, the defendant has not met his burden of proving that the plaintiff had discovered, or in the exercise of reasonable diligence CT Page 610 should have discovered, that she had been injured and also that her injury was caused by the defendant's wrongful conduct, before October 24, 1986.
In Connell v. Colwell, 214 Conn. 242, 251 (1990), the court there said, ". . .(we) continue to adhere to the general principle `that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'"
This is just such a situation where questions of intent, subjective feelings, and reactions in the context of psychiatric care and treatment would be determinative of when the plaintiff discovered or should have discovered "actionable harm." See Catz, supra at 49. That question should be left to the trier of fact. Accordingly, for the foregoing reasons, the defendant's motion for summary judgment is denied as to the first count. It is therefore unnecessary to reach the plaintiff's second claim of "continuing treatment."
Summary judgment is granted as to the second count.
TELLER, J.