[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the grounds that there are no questions of material facts and that judgment should be granted as a of law.
The plaintiff, Caroline Cassanova, sues the trustees of Trinity College, d/b/a Trinity College (Trinity), for injuries she sustained when she slipped and fell on some ice on the Trinity College campus. The reversed complaint alleges that Trinity negligently permitted snow and ice to accumulate on the sidewalk, causing her to fall. The plaintiff seeks money damages. CT Page 5380
Trinity answered the revised complaint and asserted two special defenses: (1) the plaintiff's negligence; and (2) principal employer immunity. The plaintiff denied the special defenses, which closed the pleadings.
On October 3, 1990, Trinity moved for summary judgment based on its principal employer defense. Trinity filed a memorandum of law and several supporting documents. The plaintiff has not filed an opposing memorandum of law.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279
(1989); Conn. Practice Bk. 384 (1978, rev'd to 1990). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246 (1990). If the nonmovant does not respond to the summary judgment motion, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein,201 Conn. 39, 49 (1986).
In support of summary judgment, trinity argues that it is the plaintiff's principal employer and that her exclusive remedy for work-related injuries against Trinity is under the Workers' Compensation Act, Conn. Gen. Stat. 31-275 et seq. Trinity argues that there are no issues of material fact in dispute and that summary judgment should be granted in its favor.
The principal employer statute provides in relevant part:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor.
Conn. Gen. Stat. 31-291.[1]
The defendant argues that there are no material facts as to the three elements in the statute. However, the defendant must first show that there no material facts regarding whether the plaintiff's injury falls within the workers' compensation scheme. CT Page 5381
Section 31-284(a) establishes the employer's liability for workers' compensation:
 . . . . All rights and claims between employer and employees . . . arising out of personal injury or death abolished other than rights and claims given by this chapter.
"In order to come within the course of employment, an injury must occur (a) within the period of the employment; (b) at a place the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." Rawling v. New Haven, 206 Conn. 100, 106-07 (1988), quoting McNamara v. Hamden,176 Conn. 547, 550-51 (1979); see also Conn. Gen. Stat. 31-275(12).
The plaintiff alleges that she was injured while walking on the Trinity Campus at about 7:00 a.m. The plaintiff answered, in response to an interrogatory, that she was employed at the time of the accident by Saga/Marriott Food Services, P.O. Box 1313, Trinity College, Hartford, Ct. 06106.[2] See plaintiff's response to defendant's March 8, 1989, request for interrogatories, question no. 27(b), p. 11, file document #103.
In support of summary judgment, Trinity submits a certified copy of a "form for notice of claim for compensation" submitted to Trinity by the plaintiff. However, this form only shows the plaintiff filled out this form and not that she received workers' compensation from Trinity of Saga.
Trinity submits a copy of a contract between Trinity and Saga, showing that Trinity contracted with Saga to operate Trinity's food service facilities. Trinity also submits a portion of the plaintiff's deposition in which she answers "yes" to the question: "[w]ere working at Trinity when this accident happened on January 30, 1987." Trinity lastly submits an affidavit by Trinity's comptroller, who attests that Saga provides Trinity with a service Trinity needs to function as an educational "boarding" facility. CT Page 5382
There is no evidence that the plaintiff was injured "at a place the employee may reasonably be . . . while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it'" McNamara, 176 Conn. at 551. The plaintiff nowhere admits that she was injured while working on the job. A question of fact exists as to whether the plaintiff was injured in the course of employment which is a prerequisite to the injury being remedied through workers' compensation. Accordingly, summary judgment cannot be granted for Trinity based on the principal employer defense, which only applies to injuries compensable by workers' compensation.
The motion for summary judgment is denied.
M. HENNESSEY, J.