[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT # 171)
Up-Right, Inc., a co-defendant sued under the provisions of General Statutes, 52-572m, et seq., has moved for summary judgment against the intervening plaintiff, Rumino Painting, a/k/a Rumino Home Improvement. There is no dispute about the basic allegations of the second count being brought solely against Up-Right, Inc. as a product liability claim. No opposition to the motion has been raised by the intervening plaintiff.
The revised complaint alleges that on February 1, 1986 the plaintiff was performing volunteer work for Juan Rumino of Rumino Painting Company at the property of defendant, Cheshire Racquet 
Swim Club, Inc. In the course of that work the plaintiff was provided a manually propelled mobile hydraulic work platform by a club employee. In using the platform, the plaintiff alleges that he was caused to fall and injure himself due to the defective condition of the platform. Up-Right, Inc. allegedly manufactured the platform. The plaintiff claimed and received benefits under the provisions of General Statutes, Chapter 568, Workers' Compensation Act. Portions of deposition testimony given by the plaintiff and intervening plaintiff, respectively, were made "Exhibit A" and "Exhibit B", respectively. CT Page 5970
Section 52-572r(c) of the Product Liability Act prohibits "any lien upon any judgment received in any product liability claim". In light of this statutory provision, several courts have denied motions to intervene sought by employers, reasoning that preclusion of a lien claim extinguishes any right to intervene. See, for example, Boisseau v. Judson Computers, 2 Conn. Super. 930 (1987); Bugnacki v. Miller Printing Equipment Corporation, 2 Conn. Super. 908 (1987) ; Wasilewski v. General Motors Corp., 2 Conn. Super. 332 (1987). The rationale of those decisions is adopted.
Where there is no genuine issue of material fact remaining between the parties and such is demonstrated by appropriately submitted documents, then the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital, 192 Conn. 451,455 (1984) (citations omitted). The burden of proof of "the absence of a dispute as to any material fact" is on the moving party. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). Once such evidence is proffered, the burden shifts to the opposing party to some evidence of the existence of an issue as to a material fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317 (1984). Evidence of the existence of an issue of a material fact must be considered in a light most favorable to the opposing party who must be given the benefit of every favorable inference. Catz v. Rubenstein, 201 Conn. 39, 49 (1986). Here, Up-Right, Inc. has met its burden. The "test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647 (1982).
The Motion for Summary Judgment is granted .
BY THE COURT: LEANDER C. GRAY, JUDGE