HAROLD CATZ, EXECUTOR (ESTATE OF ELAINE S. FOSTER), ET AL. *v.* STEPHEN R. RUBENSTEIN (12737)

HEALEY, SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued May 8—decision released August 12, 1986

*Donald McPartland,* with whom, on the brief, was *William J. Secor, Jr.,* for the appellants (plaintiffs).

*Peter J. Ottomano,* with whom, on the brief, was *Thomas L. Brayton,* for the appellee (defendant).

CALLAHAN, J. This is a medical malpractice action commenced June 11, 1982, in which the trial court granted the defendant's motion for summary judgment on the ground that, as a matter of law, the plaintiffs' suit was barred by the two year statute of limitations provided by General Statutes § 52-584.[1] The plaintiffs have appealed, claiming that, even if the defendant's affidavit and the other documents submitted in support of his motion were credited, there still existed a genuine issue of material fact as to when the plaintiffs' decedent discovered or in the exercise of reasonable care should have discovered her "injury." The plaintiffs did not file a counteraffidavit.

The documentation submitted in connection with the defendant's motion for summary judgment established the following facts which are essentially undisputed: After she had discovered a lump in her left breast in late July, 1979, the plaintiffs' decedent, Elaine S. Foster, consulted the defendant, Stephen R. Rubenstein, a physician who practiced general internal medicine. The defendant examined Foster, palpated the lump and ordered a mammogram. In early August, 1979, the defendant informed Foster that the mammogram was negative for cancer, that she merely had a tendency toward cysts, and that it was nothing to worry about. In January, 1980, after she discovered another lump, this time in the area of the left axilla, Foster spoke to the defendant on the telephone concerning her condi-

[1] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

tion. On that occasion the defendant told her that she had a propensity to fatty tissue, that he did not think it was anything serious, and that there was no cause for concern. The lump grew larger, however, and in April, 1980, Foster again contacted the defendant. On April 21, 1980, he examined her for the second time and ordered another mammogram. This mammogram indicated a malignancy which was confirmed on May 1, 1980, when Massoud Marjani, a surgeon to whom Foster had been referred, performed a left modified radical mastectomy. Despite further treatment, the cancer spread to other parts of her body and Foster died of the disease on July 27, 1984. This action was commenced on June 11, 1982, and the present plaintiffs, coexecutors of her estate, were substituted as plaintiffs on October 22, 1984. The plaintiffs concede that Foster was aware that she had cancer no later than May 1, 1980.

The plaintiffs claim that, during the period of July, 1979, through April, 1980, the defendant negligently failed to prescribe or recommend further diagnostic tests or treatment for Foster and negligently failed to obtain the opinion of or refer her to a physician who specialized in the recognition and treatment of potential malignancies. The defendant contends that, even if that is so, Foster discovered her "injury," which he maintains was her cancerous condition, by May 1, 1980, and that her suit, which was not commenced until June 11, 1982, is barred by General Statutes § 52-584.

The plaintiffs maintain, however, that all of the information available to Foster in May, 1980, indicated and led her to believe that the cancer, confirmed by the operation on May 1, 1980, was a new growth or mass, not related to the condition for which she had previously been examined and diagnosed by Rubenstein in July and August of 1979. The plaintiffs claim that Foster was justified in her belief because the defendant told her, in August, 1979, that there was no evi-

dence of cancer; because Marjani stated in his discharge summary, dated May 11, 1980, that the lump in her left breast "was a rather rapidly growing tumor, since a year ago, or last August, the examination was completely negative"; and because Stephen Stein, a radiologist, who took the second mammogram, stated in his report dated April 22, 1980, that the growth discovered was a "[n]ew dominant mass."

The plaintiffs argue that there was no evidence submitted with the defendant's motion for summary judgment and no facts established that showed when Foster discovered or in the exercise of reasonable care should have discovered that she had cancer in her left breast when she was initially examined and diagnosed by Rubenstein or that her condition at that time was related to the cancer discovered on May 1, 1980. The plaintiffs claim, on appeal, that Foster first became aware of that possibility when she was advised to that effect by Horace Stansel of the Yale Medical School in April, 1982, and that she did not therefore discover her "injury" until that date.[2]

The trial court, *Gaffney, J.,* found that the plaintiffs' decedent discovered her "injury" no later than May 1, 1980, and granted the defendant's motion for summary judgment. In its memorandum of decision the trial court stated: "The plaintiffs' action was brought more than two years from the date when the injury was sustained or discovered. It was, therefore, on the date of suit a stale claim. Prevention of such claims is a legitimate purpose of a statute of limitations."

---

[2] In the trial court, the plaintiffs claimed that the earliest indication that the plaintiff may have had cancer in her left breast in the period between July, 1979, and April, 1980, was July 21, 1980, the date of a Waterbury Hospital physician's examination report which, for the first time, the plaintiffs contend, established the possible existence of cancer during that period. That date would also be within the two year period of limitation of § 52-584 and, in view of our decision, it is immaterial which date is used.

General Statutes § 52-584 provides in pertinent part as follows: "No action to recover damages for injury to the person . . . caused by . . . malpractice of a physician . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

The defendant claims that, on the facts established by the documents submitted in support of his motion for summary judgment, § 52-584 bars the plaintiffs' action. He asserts that Foster's "injury" was the allegedly misdiagnosed cancer and that the documentation showed that Foster admitted she discovered that "injury" no later than May 1, 1980, when she underwent the left modified radical mastectomy. The defendant argues that, since § 52-584 mandates that an action for malpractice by a physician be brought within two years from the date an "injury" is first discovered, the plaintiffs' decedent was required to bring suit no later than May 1, 1982. He asserts, therefore, that, since suit was not brought until June 11, 1982, there was no genuine issue of material fact and that the plaintiffs' cause of action was barred as a matter of law by the two year provision of § 52-584 as determined by the trial court. We disagree and conclude that the defendant did not meet his burden on his motion for summary judgment of demonstrating that there was no genuine issue as to the time when Foster discovered or in the exercise of reasonable care should have discovered her "injury," a material fact necessary to determine the commencement of the running of the statute of limitations.

This court has previously stated that § 52-584 "requires that the injured party bring suit within two years of discovering the injury. . . . In this context injury occurs when a party suffers some form of 'actionable harm.'" (Emphasis added.) Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257 (1984).

A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. Prosser & Keeton, Torts, (5th Ed.) § 30, pp. 164–65; *Calderwood* v. *Bender,* 189 Conn. 580, 584, 457 A.2d 313 (1983); *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 375, 441 A.2d 620 (1982); *Busko* v. *DeFilippo,* 162 Conn. 462, 466, 294 A.2d 510 (1972); *Moore* v. *Bunk,* 154 Conn. 644, 649, 228 A.2d 510 (1967). They are therefore necessary ingredients for "actionable harm." Consequently, the plaintiffs' decedent did not have an "injury" as contemplated by the statute until she discovered or in the exercise of reasonable care should have discovered a causal relationship between the defendant's allegedly negligent diagnosis of August, 1979, and subsequent lack of treatment, and the metastasis of her cancer which she discovered on May 1, 1980. Only then did she sustain "actionable harm." *Burns* v. *Hartford Hospital,* supra.

The defendant's affidavit and the other documents submitted in support of his motion for summary judgment pinpoint when the defendant examined Foster and initially diagnosed her condition and when she became aware that she had cancer. They do not, however, disclose when Foster discovered or in the exercise of reasonable care should have discovered that the defendant was negligent in his examination, diagnosis, and treatment and the causal nexus, if any, between his alleged negligence and the metastasis of her cancer. There was, therefore, remaining a genuine issue of material fact which was not resolved and the trial court erred in granting the defendant's motion for summary judgment.

In *Burns* v. *Hartford Hospital,* supra, cited as authority for our position, we nonetheless affirmed the decision of the trial court which held, on a motion for

summary judgment, that § 52-584 was a bar to the plaintiffs' malpractice action. The result in *Burns* is readily distinguishable from that in the present case, however. In *Burns,* the plaintiff knew on November 10, 1975, of the causal relation between the defendant's alleged negligence, the insertion of contaminated intravenous tubes into her infant son's leg, and the resulting harm, yet did not commence an action until almost three years later, on November 1, 1978, after her son's condition had worsened. The plaintiff in that case was therefore aware of "actionable harm" or "injury" as contemplated by § 52-584 more than two years prior to starting suit and we held that "[t]he harm need not have reached its fullest manifestation before the statute begins to run." Id., 460.

In *Barnes* v. *Schlein,* 192 Conn. 732, 473 A.2d 1221 (1984), we also indicated that the time when a plaintiff discovers or in the exercise of reasonable care should have discovered "actionable harm" is the time used in determining when the two year period of limitation of § 52-584 begins to run. Id., 738–39. Again, however, we affirmed the ruling of the trial court on a motion for summary judgment that the statute was a bar to the plaintiff's cause of action because the plaintiff was aware of the causal connection between the defendant's negligence and her injury and thus knew that she had suffered " 'some form of actionable harm'; *Burns* v. *Hartford Hospital,* supra"; more than two and one-half years prior to commencing suit. Id., 739.

The legislative history of § 52-584, while neither extensive nor conclusive, supports the position that the term "injury" in the statute should be interpreted as "actionable harm." " 'In determining the true meaning of a statute when there is genuine uncertainty as to how it should apply, identifying the problem in society to which the legislature addressed itself by examining the legislative history of the statute under litigation

is helpful.' *State* v. *Campbell* [180 Conn. 557, 561, 429 A.2d 960 (1980)]." *State* v. *Belton,* 190 Conn. 496, 506, 461 A.2d 973 (1983). The formulation of § 52-584 which used the term "injury" was adopted by the legislature in 1957. The language in the statute in effect prior to that time provided that an action could be brought only within one year "from the date of the act or omission complained of." General Statutes (Rev. to 1949) § 8324;[3] see *McDonald* v. *Haynes Medical Laboratory, Inc.,* 192 Conn. 327, 334, 471 A.2d 646 (1984). The testimony in 1957 before the General Law Committee of the legislature,[4] which considered the predecessor to our present § 52-584, indicates that the use of the term "injury" was a conscious reaction to, and an attempt to alleviate the draconian effect of two cases, *Dincher* v. *Marlin Firearms Co.,* 198 F.2d 821 (2d Cir. 1952), and *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 174, 127 A.2d 814 (1956). In those cases the United States Second Circuit Court of Appeals and this court concluded that the language "act or omission complained of" in § 8324 required a holding that the statute of limitations began running on the date of the defendant's negligence and that a plaintiff's cause of action could be barred before the plaintiff suffered any harm and therefore before a cause of action had accrued. The use by the legislature of the word "injury" rather than "act or omission" in the initial part of § 52-584 was obviously a deliberate choice, as the words

[3] "[General Statutes (Rev. to 1949)] Sec. 8324. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, chiropodist, chiropractor, hospital or sanatorium, shall be brought but within one year from the date of the act or omission complained of, except that a counter-claim may be interposed in an action which has been brought within the year at any time before the pleadings in such action are finally closed."

[4] General Law Committee, Pt. 1, 1957 Sess., pp. 142–155.

"act or omission" were used in the second portion of the statute pertaining to the three year period of limitation.

Other jurisdictions have also held that a plaintiff must have discovered or in the exercise of reasonable care should have discovered the essential elements of a possible cause of action before the statute of limitations commences to run. "A cause of action will not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's *wrongful* conduct." (Emphasis in original.) *Brown* v. *Mary Hitchcock Memorial Hospital,* 117 N.H. 739, 743, 378 A.2d 1138 (1977). "We hold that the statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another. The overwhelming majority of state appellate courts which have addressed the issue here have adopted the 'legal injury' construction of the word here 'injury' used in statutes of limitation governing medical malpractice actions. The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories. Decisions by the appellate courts of California, Hawaii, Iowa, Nevada, New Hampshire, New Jersey, North Dakota, Ohio, Oregon, Utah and West Virginia support this interpretation of the word 'injury.' " *Mastro* v. *Brodie,* 682 P.2d 1162, 1168 (Colo. 1984); see *Graham* v. *Hansen,* 128 Cal. App. 3d 965, 180 Cal. Rptr. 604 (1982); *Yamaguchi* v. *Queens Medical Center,* 648 P.2d 689 (Hawaii 1982); *Baines* v. *Blenderman,* 223 N.W.2d 199 (Iowa 1974); *Massey* v. *Litton,* 99 Nev. 723, 669 P.2d 248 (1983); *Brown* v. *Mary Hitchcock Memorial Hospital,* supra; *Silverman* v. *Lathrop,* 168 N.J. Super. 333, 403 A.2d 18 (1979); *Iverson* v. *Lancaster,* 158 N.W.2d 507 (N.D.

1968); *Schiele* v. *Hobart Corporation,* 284 Or. 483, 587 P.2d 1010 (1978); *Berry* v. *Branner,* 245 Or. 307, 421 P.2d 996 (1966); *Foil* v. *Ballinger,* 601 P.2d 144 (Utah 1979); *Renner* v. *Asli,* 280 S.E.2d 240 (W.Va. 1981); see also *Lopez* v. *Swyer,* 62 N.J. 267, 300 A.2d 563 (1973); *Oliver* v. *Kaiser Community Health Foundation,* 5 Ohio St. 3d 111, 449 N.E.2d 438 (1983); *Brosse* v. *Cumming,* 20 Ohio App. 3d 260, 485 N.E.2d 803 (1984); *Wilkinson* v. *Harrington,* 104 R.I. 224, 243 A.2d 745 (1968); *Ohler* v. *Tacoma General Hospital,* 92 Wash. 2d 507, 598 P.2d 1358 (1979); *Wood* v. *Gibbons,* 38 Wash. App. 343, 685 P.2d 619 (1984).

A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Barnes* v. *Schlein,* supra, 738; *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11, 459 A.2d 115 (1983); *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377–78, 260 A.2d 596 (1969). "A 'material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 379. The factor which is dispositive of the present case for the purpose of the defendant's motion for summary judgment is whether § 52-584 bars the plaintiffs' suit. That in turn is determined by when Foster discovered or in the exercise of reasonable care should have discovered her "injury"; that is when she discovered or in the exercise of reasonable care should have discovered that she had suffered some form of "actionable harm." We are not persuaded that no genuine issue exists as to that material fact.

The defendant claims that the trial court was entitled to rely upon the facts set forth in his affidavit and other documents submitted in support of his motion and render judgment because the plaintiffs did not file a counteraffidavit. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." *Bartha* v. *Waterbury House Wrecking Co.,* supra, 11–12. "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. *United Oil Co.* v. *Urban Redevelopment Commission,* [supra, 380]." *Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 516, 391 A.2d 157 (1978). Relying on and crediting the facts set forth in the material submitted in support of the defendant's motion, we nevertheless conclude that there remains a genuine issue as to when Foster discovered or in the exercise of reasonable care should have discovered the causal nexus, if any, between the metastasis of her cancer and the allegedly negligent conduct of the defendant. A genuine issue of material fact exists, therefore, as to when she discovered or in the exercise of reasonable care should have discovered her "injury," that is when she discovered she had suffered "actionable harm," and the resolution of that question should be left to the trier of fact.

It is clear that the repose portion of § 52-584 which provides that "no action may be brought more than three years from the date of the act or omission complained of" bars the bringing of suit more than three years after the alleged negligent conduct of a defendant regardless of when a plaintiff discovers the proxi-

mate cause of his harm or any other essential element of a negligence cause of action. *McDonald* v. *Haynes Medical Laboratory, Inc.,* supra, 334. Our holding in this case therefore will only affect causes of action not barred by the repose portion of § 52-584 which bars suit brought "more than three years from the act or omission complained of."

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other justices concurred.