[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (No. 118)
The following facts are alleged in plaintiff Kevin Brown's amended complaint: On or about September 11, 1988, plaintiff rented from defendant V C Enterprises, Inc., a jet ski for personal recreation. The jet ski was owned and maintained by defendant Gardner Lake Park through its agents, defendants Carmine Belardo and Viola Belardo. On September 11, 1988, while plaintiff was putting the jet ski to its intended use, the steering and balance handle suddenly became detached from he vehicle, causing plaintiff to lose his balance and fall from the vehicle, sustaining serious injury. CT Page 1269
On April 9, 1990, all four defendants filed a motion for summary judgment as to Count I of plaintiff's amended complaint, together with a supporting memorandum of law. Plaintiff, on June 15, 1990, filed a memorandum in opposition to defendants' motion for summary judgment. The motion was heard at short calendar on June 18, 1990 by this Court.
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book Section 384; State v. Goggin, 208 Conn. 606, 615-16
(1988). A "genuine issue" has been defined as one which will make a difference in the result of the case. Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
The defendants argue that the plaintiff's claim is barred by the terms of a disclaimer contained in the rental agreement the plaintiff signed on September 9, 1988 when he rented the jet ski. The rental agreement, attached as Exhibit A to defendants' motion for summary judgment, provided in relevant part:
 You agree to indemnify us and hold us harmless from any and all claims resulting or arising from the use of the Boat by you. . .you assume all risks associated with renting the Boat and release and discharge us for yourself. . ., from all claims for death, personal injury or property damage of any kind arising from your rental of the boat.
The agreement also provided:
 "You," your" and "yours" mean each person who signs this agreement. "We," "us" and "our" mean V C Enterprises, Inc. "Boat" means any fishing boat, jet ski or bumper boat rented by you from us.
The plaintiff admits that he signed and initialed the document labeled "Exhibit A" and attached to the defendants' motion for summary judgment. (Plaintiff's memorandum in opposition, at p. 1).
Nevertheless, the plaintiff argues that this contract clause is not a valid bar to his claim for two reasons: (1) plaintiff was an unsophisticated consumer who was not in an equal bargaining position with the defendant lessor; CT Page 1270 and (2) Connecticut General Statutes Section 42a-2-719
provides that "a limitation of consequential damages for personal injuries in the case of consumer goods is prima facie unconscionable. . . ." and, therefore, this clause is invalid.
The defendants' motion for summary judgment is denied as to the defendants Gardner Lake Park, Carmine Belardo and Viola Belardo on the ground that the rental agreement on it's face purports to release and discharge only the defendant V C Enterprises, Inc. The defendants have not submitted any evidence which would support a finding that the rental agreement disclaimer was intended to apply to any entity other than V C Enterprises. Consequently, the defendants' contention that the disclaimer bars the plaintiff's claim against Gardner Lake Park, Carmine Belardo and Viola Belardo involves disputed issues to fact which may not be determined through summary judgment. See Batick v. Seymour, 186 Conn. 632,647 (1982).
A bailment is defined as "a delivery of goods in trust upon a contract, express or implied, that the trust shall be duly executed, and the goods restored by the bailee, as soon as the purpose of the bailment shall be answered." Hartmann v. Black Decker Mfg. Co., 16 Conn. App. 1, 7
(1988). The defendant V C Enterprises' delivery of the jet ski to the plaintiff constituted a bailment. The assent of both parties to a bailment to provisions limiting liability is necessary. Griffin v. Nationwide Moving Storage Co.,187 Conn. 405, 414 (1982) (where defendant/bailee sought to enforce clause on a work order and receipt limiting liability for stored goods owned by plaintiff which were destroyed in a fire). An actual "meeting of the minds" is not necessary if "under all the circumstances, the plaintiff's conduct would warrant a reasonable belief that she had assented to the terms of the (rental agreement)." Id. (citations omitted) In determining if a plaintiff has assented to a contract provision limiting liability, "disproportionate emphasis is not to be put on any single act, phrase or other expression, but instead, on the totality of all these, given the attendant circumstances, the situation of the parties, and the objectives they were striving to obtain." Id. at 414-15.
Neither the plaintiff nor the defendant has submitted evidence of the circumstances surrounding the signing of the subject rental agreement or the parties' conduct at the time. Consequently, whether the plaintiff assented to the disclaimer of liability contained in the rental agreement is a question of fact, which may not be decided through summary judgment. See Batick v. Seymour,186 Conn. 632, 647 (1982) (the court is limited to deciding CT Page 1271 whether an issue of fact exists, but may not try the issue if it does exist.
As additional grounds, or in the alternative, defendant V C Enterprises' motion for summary judgment is denied on the grounds that the subject disclaimer is invalid and the defendant is not entitled to judgment as a matter of law.
Connecticut General Statutes Section 42a-2-719(3) of the Uniform Commercial Code Sales provides in pertinent part: "Limitation of consequential damages for injuries to the person in the case of consumer goods in prima facie unconscionable but limitation of damages where the loss is commercial is not." This section concerns modifications or limitations of remedies in "agreement." Connecticut General Statutes Section 42a-2-719(1). In Article 2 of the U.S.C. "unless the context otherwise requires (the terms) `contract' and `agreement' are limited to those relating to the present or future sale of goods." Connecticut General Statutes Section42a-2-106(1). "A `sale' consists in the passing of title from the seller to the buyer for a price. . ." Connecticut General Statutes Section 42a-2-106(1).
Based on the foregoing statutory provision and definitions, Connecticut General Statutes Section 42a-2-719 (3) does not on its face apply to limitations contained in rental agreements and therefore does not directly invalidate the disclaimer clause in the instant case.
Nevertheless, the Court may find that this statute should be deemed to apply to rental agreements. In Hertz Commercial Leasing Corp. v. Dynatron, Inc., 37 Conn. Sup. 7,17 (Super.Ct. 1980), a similar provision of the Connecticut U.C.C. pertaining to unconscionable clauses in sales contracts, Connecticut General Statutes Section 42a-2-302, was held to apply to a lease agreement. (In that case, the lease agreement contained a clause permitting the lessor to recover as "liquidated damages" an amount far in excess of the fair value of the breach.) Similarly, in Owens v. Patent Scaffolding, 354 N.Y.S.2d 778 (Supreme Ct. 1974), a scaffold equipment lease was held to be a "transaction in goods" subject to the U.C.C. Sales statutory warranty provisions. In its decision, the court noted:
 The supplier's (in a non-sale, bailment transaction) obligation is in many respects similar to that of sellers. Just as the mass production of goods gave momentum to the growth of modern law CT Page 1272 obligating sellers for the quality of their goods, so too the boom in chattel rental enterprises from automobiles and floor waxes to linens and diapers protend a similar increase in obligations of such suppliers.
Owens, 354 N.Y.S.2d at 782, citing Farnsworth, 57 Colum. L. Rey 653 (1957).
For purposes of imposing strict liability for defective products, the Connecticut legislature has included non-sales transactions. "The term `product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products." Connecticut General Statutes Section 52-572m(a); see Rodia v. Tesco Corporation, 11 Conn. App. 391, 395 (1987). Consequently, the court may find that Connecticut General Statutes Section 42-2-719 applies to the subject rental agreement and that the disclaimer in the agreement is prima facie conscionable, and therefore, invalid, since it purports to limit the lessor's liability for injuries to the person in the lease of a consumer good.
In conclusion, the defendants' motion for summary judgment is denied as to the defendants Gardner Lake Park, Carmine Belardo and Viola Belardo on the ground that a genuine issue of fact exists as to whether the rental agreement disclaimer applies to any entity other than V C Enterprises. The defendants' motion for summary judgment is denied as to the defendant V C Enterprises on each of the following grounds: (1) a material issue of fact exists as to whether the plaintiff assented to the subject liability disclaimer; or (2) Connecticut General Statutes Section 42a-2-719 makes the subject liability disclaimer prima facie unconscionable and therefore invalid, so that the defendant is not entitled to judgment as a matter of law.
J. F. WALSH, J.