[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (104)
Plaintiff physician sued defendant for the value of medical services rendered. Defendant moved for summary judgment claiming that the statute of limitations expired prior to commencement of the action.
Summary judgment is granted when the pleadings, affidavits, and other proofs submitted show that there is no genuine issue of material fact. Practice Book 384; Catz v. Rubenstein, 201 Conn. 39, 48-49 (1986). The movant must show the nonexistence of material fact while the adverse party has the burden to disclose evidence showing the existence of such fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313 (1984).
Defendant filed a copy of the complaint and his affidavit. The affidavit recites that plaintiff treated him "in the emergency room of Bridgeport Hospital on September 15, 1984 and this is the only time he ever treated me." The affidavit goes on to state that he was served with the complaint after CT Page 4069 September 26, 1990. The sheriff's return shows personal service on September 27, 1990.
Plaintiff filed a memorandum in opposition to the motion, but filed no affidavit or other proof. The complaint alleges in the first paragraph that:
 On September 15, 1984 to March 14, 1985 plaintiff rendered medical services to defendant(s).
Defendant claims that this action is barred by Connecticut General Statutes 52-576 which states, in relevant part:
 No action for an account, or on any simple. or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . . (Emphasis supplied.)
If the cause of action accrued on September 15th (or September 25th, 19841[1])' the action was brought beyond the six year period and is barred. If the right of action accrued March 14, 1985, this action would not be barred by the statute of limitations.
Plaintiff argued orally and in his brief that the three visits, September 15, 1984, September 25, 1984 and March 14, 1985 constituted a course of treatment; therefore, no right of action occurred until treatment ended.
Plaintiff relies on Gaylord Hospital v. Massaro, et al, 9 Conn. App. 465, (1985) for the proposition that no cause of action accrues until the course of treatment is completed. That court cites Annot., 99 A.L.R.2d 253 at page 468 of the opinion:
 "Where the parties to a contract for medical services neglect to stipulate a date on which payment is due, some courts attempt to give effect to their presumed intention by discerning whether the agreement constituted an indivisible contract, against which the statute of limitations would not begin to run until all services were terminated or the contract completed, or a severable contract, as to which a cause of action accrues, and the statute of limitations commences to run, after each individual CT Page 4070 service is performed. The distinction is made on the basis of whether the physician was retained to render continuous and related services usually connected with a particular affliction." Annot., 99 A.L.R.2d 253.
Nothing has been submitted by plaintiff to show a "course of treatment" as alleged. There is nothing to indicate anything other than a severable contract as shown by defendant's affidavit. Even in oral argument, plaintiff was unable to state what, if any, "treatment" took place on March 14, 1985.
Merely asserting that a factual dispute exists without affidavits or other proof is not sufficient to counter defendant's affidavit that he was not treated after September 15, 1984. Strada, supra. As plaintiff has not put any material fact in issue, defendant is entitled to judgment as a matter of law because the applicable statute of limitations expired prior to suit.
The motion for summary judgment is granted.
E. EUGENE SPEAR, JUDGE