[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE #127 DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #128
The plaintiff, Barry Hall, filed a one-count complaint dated October 6, 1989 against his fellow employee, defendant Dan Towers, and their employer, defendant Forbes Asphalt Maintenance Company ("Forbes"). Plaintiff alleges that defendant Towers was negligent in the operation of a Forbes truck, thereby causing plaintiff to suffer severe personal injuries and losses.
Defendants filed an answer on July 23, 1990, pleading two special defenses. Plaintiff filed a reply to defendants' special defenses on August 6, 1990. Defendant Forbes filed a request for leave to amend its answer on January 22, 1991, adding a third special defense. On July 10, 1991, defendant Forbes filed a request for leave to amend its third special defense. Defendant Forbes' amended third special defense states:
 Since any injuries the plaintiff is alleged to have sustained were sustained by him in the course of his employment, and arose out of his employment, and have been compensated for under the Worker's [sic] Compensation Act, this action is barred by Connecticut General Statutes Section 31-284.
On August 12, 1991, plaintiff filed a motion to strike "defendants'" amended third special defense and a memorandum of law in support. It appears that plaintiff's argument is based upon the mistaken belief that the amended third special defense was asserted by both defendants while it was asserted by defendant Forbes only. Therefore plaintiff's argument regarding Conn. Gen. Stat. 31-293a is inapposite.
On August 28, 1991, defendant Forbes filed a memorandum of law in opposition to plaintiff's motion to strike. Defendant argues that the exclusive remedy of Conn. Gen. Stat.31-284(a) provides a legally sufficient special defense. Conn. Gen. Stat. 31-284(a) provides in relevant part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out CT Page 8017 of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows. . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter. . .
Conn. Gen. Stat. 31-284 (a) (rev'd to 191).
The defendant Forbes has pled a legally sufficient special defense pursuant to 31-284(a). Accordingly, the plaintiff's motion to strike is denied.
On August 14, 1991, the defendant Forbes filed a motion for summary judgment together with a memorandum of law in support thereof. In the memorandum, the defendant Forbes cites, as support, portions of the plaintiff's deposition which states that he was an employee of the defendant Forbes, and was in the course of employment when the accident occurred. It further filed a copy of a notice of claim for compensation filed by the plaintiff with the defendant Forbes and the workers' compensation commissioner in Hartford. The plaintiff purports to state in his deposition that its compensation claim was resolved.
The plaintiff filed no brief nor evidence in opposition. The court is, therefore, entitled to rely on the documentation filed by the defendant Forbes. Catz vs. Rubenstein, 201 Conn. 39,49.
The motion by the defendant Forbes for summary judgment in its favor is granted.
BURNS, J.