[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
An August 27, 1990 the defendants David Rieck and Barbara Rieck executed and delivered to the plaintiff, Connecticut National Bank, a promissory note whereby said defendants promises to pay to he order of the plaintiff the sum of $90,000. The defendant have failed to make payment of interest and principal in accordance with the terms of the note and the plaintiff has exercised its option to declare the entire balance due on the note due and payable. Despite demand, the plaintiff has not been paid.
The plaintiff now move for summary judgment. In order to obtain summary judgment, the movant must show that there is no genuine issue of material fact and that he is entitled to summary judgment as a CT Page 5239 matter of law. Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
In their effort to defeat the plaintiff's motion for summary judgment, the defendants claim that their two special defenses raise genuine issues of fact. In the companion case of Connecticut National Bank v. Consignment Marketplace, Docket No. CV91-0238529S, Judicial District of New Haven at Meriden, Memorandum of Decision on Motion for Summary Judgment, February 19, 1992, Dorsey, J., these same defenses were raised and summary judgment was nevertheless granted. The defendants' first special defense asserts that the plaintiff utilized an unconstitutional procedure of law, notice, or a hearing. As in the previously cited companion case, the basis of the defendants' claim appears to be the defendants' contention that Connecticut General Statutes52-278f which authorizes a prejudgement attachment without notice or a hearing in a commercial transaction if such rights have been waived by the defendant is unconstitutional. Some courts have held 52-278f is constitutional. Rhode Island Hospital Trust v. Klewin, 4 Conn. L.Rptr. No. 16, 516 (September 2, 1991, Dunn, J.); Country Lumber Inc. v. Sorris, 3 Conn. L.Rptr. No. 17, 546 (April 22, 1991, Schaller, J.); CNB v. Cooke, 3 Conn. L.Rptr. No. 16, 527 (April 15, 1991, Dunnell, J.). However, another court has held52-278f to be unconstitutional. People's Bank v. Pepburn, 3 Conn. L.Rptr. No. 9, 279 (February 25, 1991, Pickett, J.). As noted in both Klewin and Consignment Marketplace, the more persuasive authority is that which holds 52-278f constitutional on the ground that one may waive due process rights. Klewin, 4 Conn. L.Rptr. No. 16 at 516; Consignment Marketplace, at 1. It is concluded that the statute is constitutional and the first special defense cannot defeat the motion for summary judgment.
In an issue not raised in the companion case and raised in this case only by a supplemental brief and supplemental affidavit the defendant David Rieck asserts that he did not knowingly and voluntarily waive his rights to notice and a hearing with respect to prejudgment remedies. Such an assertion does not provide the defendants with a defense to a judgment on the note. At most, the defendants' claim would provide the basis for a motion to dissolve the prejudgment attachment.
The defendants also contend that the plaintiff Connecticut National Bank violated its contractual duty of good faith and fair dealing. The basis for this claim is that the defendant David Rieck had a twenty-year banking relationship with the plaintiff, that the plaintiff knew the defendant could not meet the terms of the note or should have known such terms could not be met, and that the plaintiff would not consider an extension of the subject loan without particular collateral.
It is concluded that such allegations do not amount to a breach of a covenant of good faith and fair dealing. "The concept CT Page 5240 of good faith and fair dealing is `essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless possibly, those terms are contrary to public policy.'" Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190 (1988) quoting Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 567 (1984). The contract at issue here allows the plaintiff to declare the entire balance due when the defendants have failed to make payment of the interest and principal. Therefore, the plaintiff only seeks to enforce the reasonable expectations of the contracting parties as they presumably intended. Thus, the plaintiff cannot be said to have violated a covenant of good faith and fair dealing.
For these reasons, the motion for summary judgment is granted.
DORSEY, JUDGE