[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, New Haven Parking Authority, was one of three parties cited in after this action was returned to court and, thereafter, it moved for summary judgment. In support of its motion, the defendant submitted admissions filed by co-defendant City of New Haven, an affidavit by one of the defendant's employees who did not witness the accident, and a copy of the "Chapel Square Parking Garage Management Agreement."
The plaintiff, in opposing the motion for summary judgment, filed a memorandum of law and the "Chapel Square Parking Garage Management Agreement." Since the contract does not purport to supplant state statutes and case law, at issue are questions of duty, control and possession, as well as the question of when, if at all, such obligations arose with respect to the location where the plaintiff's alleged motor vehicle accident occurred.
Summary judgment is an appropriate remedy where the pleadings, supporting documents and other proof show that there is no genuine issue as to any material fact and that the moving CT Page 1695 party is entitled to judgment as a matter of law. Gurliacci v. Mayer, 218 Conn. 531, 562 (1991). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500
(1988). The trial court, in deciding a motion for summary judgment, must determine the existence of any issues of material fact and, in so doing, must view the evidence in the light most favorable to the nonmoving party. Nolan, supra; Catz v. Rubenstein, 201 Conn. 39, 49 (1986).
The defendant's argument concerning agency clearly indicates the existence of a genuine issue of material fact. Moreover, its argument regarding the tunnel does not answer the allegation that the defendant and its agent caused the garage to be dangerous. Other issues material to the allegations of fact directed to the defendant remain.
The motion for summary judgment is denied.
BY THE COURT: Leander C. Gray, Judge