[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs recovered a judgment against the defendants in the District Court for Hennepin County in the State of Minnesota. The judgment arose out of the alleged sale by defendants to plaintiff of a business franchise in violation of certain franchise laws of Minnesota. The judgment was obtained upon default of appearance against all of these defendants. The plaintiffs have now filed this lawsuit to recover on the Minnesota judgment. The defendants have each answered and filed a special defense alleging that Minnesota was without jurisdiction to entertain the underlying action and to enter judgment against them.
The plaintiffs move for summary judgment, alleging there is no material fact in dispute. The defendants allege that there are facts in dispute which implicate the doctrine of minimum contacts with the State of Minnesota and thus would render the judgment void for purposes of its enforcement in Connecticut.
An examination of the affidavits and supporting documents do indeed yield material facts in issue, the major disputed issue being whether at the time the franchise was sold the defendants were doing business in or indeed had any contact with the State of Minnesota. Although the plaintiff refers to numerous documents relating to the defendants' offer of a franchise arrangement, many are undated and from most it cannot be determined how and to whom these were delivered. The defendants, for example, aver that exchanges of these documents all took place outside of Minnesota and that the plaintiff/purchaser's subsequent decision to locate in Minnesota was outside of defendants' control. CT Page 6711-P
In an action based upon a foreign judgment entered after a default of appearance, the defendants are entitled to collaterally attack the underlying judgment. Seaboard Surety Company v. Lawrence N. Waterbury, 38 Conn. Sup. 468 (App. Sess. 1982). If there are disputed issues of fact, the matter is not suitable for summary judgment. Catz v. Rubenstein, 201 Conn. 39, 48-49
(1986).
With respect to the applicability of summary judgment to an action on a foreign judgment in which defendant raises the special defense of lack of minimum contacts with the foreign jurisdiction, the court agrees with the opinion of Judge Ballen in Holbrook v. Owen, 1993 Ct. Casebase 995 (D.N. 263338 Sup. Ct. at Bridgeport), that summary judgment is inappropriate.
The Motion for Summary Judgment is denied.