[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY'S DEFENDANT'S MOTION FORSUMMARY JUDGMENT (No. 125.25)
A. FACTS:
The plaintiff, Farmington Six Partners, herein plaintiff, filed this action against the defendant, Monroe Homes, Inc., herein Monroe Homes, as a result of injuries the plaintiff alleges it suffered when Monroe Homes entered the plaintiff's property and removed several trees. Monroe Homes alleges that it entered the plaintiff's property in order to lay water pipes and that it was operating under the direction of several New Britain agencies, especially the New Britain Water Department. All of the New Britain parties will be collectively referred to herein as the "New Britain Defendants". Monroe Homes alleges that prior to the excavation the New Britain Defendants made representations to it, that they had obtained the necessary easement from the plaintiff. Monroe Homes has filed a third party complaint naming the New Britain Defendants, as defendants, through which Monroe is seeking indemnification.
The New Britain Defendants's filed the operative motion for summary judgment, No. 125.25, with supporting memorandum, and Monroe Homes has filed its own objection and corresponding memorandum. Oral argument was heard at short calendar on October 23, 1995.
B. DISCUSSION:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for CT Page 14266 summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., supra 233 Conn. 744.
The New Britain Defendants allege in its motion for summary judgment that Monroe Homes failed to allege all the necessary elements for a cause of action in indemnification. In its memorandum in support of its motion for summary judgment, the New Britain Defendants stated "The third party plaintiff has failed to plead the essential allegations of indemnification in the first count [that an independent legal relationship existed]." Further, New Britain Defendants allege that Monroe Homes's cause of action is barred by the applicable statute § 7-465, "The third party plaintiff has failed to provide notice pursuant to Section 7-465 of the Connecticut General Statutes . . ."
The New Britain Defendant's, the moving party, bears the burden of showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. The New Britain Defendants have failed to establish that Monroe Homes has not plead that the New Britain Defendants owed Monroe Homes a duty based on an independent legal relationship, from the third party complaint or by inference from the third party complaint. It is decided that a genuine question of a material facts exists, the New Britain Defendants's motion for summary judgment should be denied on this ground.
The New Britain Defendants also allege that Monroe Homes failed to provide notice pursuant to General Statutes §7-465. The statute requires notice to be filed with the appropriate clerk "within six months after such cause of action has accrued." In this court's view, a genuine issue of material fact exists as to when the cause of action accrued. Thus, it is determined, the motion for summary judgment should be denied on this ground.
C. CONCLUSION:
CT Page 14267
For the reasons herein stated, it is concluded that the defendant's motion for summary judgment, ought to be and is hereby denied.
It is so ordered,
Arena, J.