[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT (No. 109.25)
CT Page 5114-BB
A. FACTS:
The plaintiff, Penn-America Insurance Co., commenced this declaratory judgment action pursuant to General Statute §52-29 and Practice Book § 388, against its insured, defendants LTJ Corporation[1]; John Senese, permittee; and Robert Hudak, a Bristol Police Officer. Hereinafter LTJ Corporation and John Senese will be collectively referred to as the "Defendants" unless otherwise noted. This declaratory action arises out a claim for coverage by the LTJ Corp. under a policy issued by the plaintiff. The claim resulted from injuries sustained by Robert Hudak on November 20, 1994, while breaking up a fight at the defendant's club. The Defendants have attempted to compel the plaintiff to defend in the underlying action filed by Robert Hudak.[2]
The plaintiff alleges the insurance policy contains two exclusions which preclude its obligation to defend in the underlying action. The plaintiff has filed the operative motion for summary judgment, No. 109.25, with supporting memorandum and the defendant has filed its objections and corresponding memorandum.
B. DISCUSSION:
"Summary judgment shall be rendered forthwith if the pleadings affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics, Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., supra 233 Conn. 744. CT Page 5114-CC
The plaintiff alleges that the terms of the insurance policy purchased by LTJ Corp. excludes coverage for the injuries allegedly sustained in this case, and thus, the plaintiff has no duty to defend in the underlying case. The Defendants allege the policy exclusions are not enforceable.
In Smedley Co. v. Employers Mutual Liability Ins. Co., 143 Conn. 510,123 A.2d 755 (1956), Judge O'Sullivan commented on the insurer's duty to defend with the following language:
 "It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. 8 Appleman, Insurance Law Practice, 4683. Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend. . . . On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend." (Internal citations omitted.).
Id., 516-17.
Applying the foregoing to the instant case, if the alleged tortious actions are not within the coverage of the policy, there would be no duty of the plaintiff to defend the defendants.
The two insurance policy exclusions that have been specifically raised are the liquor liability exclusion and the assault and battery exclusion. The liquor liability exclusion states:
c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
 (1) Causing or contributing to the intoxication of any person;
 (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
 (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. CT Page 5114-DD
 This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.
The assault and battery exclusion states:
 In consideration of the premium charged it is hereby understood and agreed that this policy will not provide coverage, meaning indemnification or defense costs, arising out of:
 "Bodily Injury" or Property Damage" resulting from assault and battery or physical altercations that occur in, on, or near the insured's premises;
 1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees, patrons or other persons on the insured's premises, or
 2) Whether or not caused by or arising out of the insured's failure to properly supervise or keep the insured's premises in a safe condition.
The Defendants allege the aforementioned liquor liability exclusion and the assault and battery exclusion do not preclude the plaintiff's duty to defend. First, the Defendants allege that since the assault was caused by an "unidentified intoxicated individual", a question of material fact exists as to whether the exclusions are triggered. Second, the Defendants allege that the exclusions only apply to "occurrences" and not as a result of the Defendants's alleged omissions.
The express language from the insurance policy, as quoted supra, unambiguously precludes coverage. The underlying complaint alleges in counts one and two a violation of the dram shop act. This is clearly addressed in the liquor liability exclusion. The third and fourth counts are in negligence. These counts are clearly within the scope of the assault and battery exclusion.
In a similar case, Kelly v. Figueiredo, 223 Conn. 31,610 A.2d 1296 (1992), the defendants Figueiredo and Tomar, Inc. were the permittee and backers of The Madison Cafe in Hartford (herein the insured). The insured attempted to implead the insurer, Calvert Insurance Company, to provide coverage and defend the CT Page 5114-EE insured from a suit by Daniel Kelly, a patron of the insured. Mr. Kelly alleged he was injured by another patron of the defendant. The Calvert insurance policy contained an assault and battery exclusion[3].
Calvert Insurance Company argued the exclusion applied to all assaults and batteries. The issue was whether the exclusion was ambiguous. The trial court ruled the exclusion applied to all assaults and batteries and precluded the insurer's obligation to defend. This was affirmed by the Supreme Court.
In her opinion, Justice Peters stated:
 Calvert argues, on the other hand, that the exclusion clause applies to all assaults and batteries. We agree with Calvert's interpretation of the exclusion clause.
 Deciding the scope of the exclusion clause "involves a determination of what coverage the insured expected to receive and what coverage the insurer expected to provide as disclosed by the language of the policy." . . . The words of the policy must be accorded their natural and ordinary meaning. "[C]ourts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties." (Internal citations and quotation marks omitted.).
Id., 35.
The Kelly rational is applicable to the instant case. The two exclusions are not ambiguous. There is no question of a material fact that the allegations in the underlying action (Dram Shop and Negligence) fall within the scope of the two exclusions. Therefore, it is decided, the plaintiff's motion for summary judgment be granted as the plaintiff has no obligation to defend the defendant in the underlying action.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the plaintiff's motion for summary judgment, ought to be and is hereby granted.
It is so ordered, CT Page 5114-FF
SALVATORE F. ARENA JUDGE, SUPERIOR COURT