[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S SUBSTITUTED SUMMARY JUDGMENT MOTION(NO. 128)
I. Factual and Procedural Background
The plaintiff, Deborah J. Tedford, administratrix of the estate of the late Doris R. Marshall, filed an action in three counts against the defendants, Joseph Moukawsher, Edward Moukawsher and Thomas Moukawsher: (1) breach of an implied covenant of good faith; (2) Connecticut Unfair Trade Practices Act (CUTPA); and (3) legal malpractice. The plaintiff alleges that the defendants and the law firm represented the late Ms. Marshall in the sale and development of her real estate located in Groton, Connecticut, and in their capacity as her attorney, received $70,000 as commission towards finding purchasers for the sale of her property and for their legal services. The property CT Page 3789 was sold for a total sum of $700,000, $400,000 of which was a purchase money mortgage with Ms. Marshall holding a security interest in the real property. After the closing and the partial release of the purchase money mortgage, the purchasers defaulted and a foreclosure action was commenced by the defendants.
The defendants filed the strict foreclosure action of Marshall's lien relating to the above-referenced purchase money mortgage. The foreclosure was effected on December 8, 1992.
The plaintiff alleges that the defendants failed to obtain title by judgment of strict foreclosure to all of the real estate covered by the said mortgage.
The original complaint was filed on December 9, 1992 and an amended complaint filed on February 25, 1993. The defendants filed a substituted summary judgment motion and memorandum of law on October 17, 1997. The plaintiff filed a memorandum in opposition to the motion for summary judgment on November 28, 1997. The Court heard oral argument on December 15, 1997, at which time all parties were present and had an opportunity to be fully heard.
II. Discussion
A. Summary Judgment, Generally
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, 660 A.2d 810
(1995).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case."Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law.
To satisfy this burden the movant must make a showing that it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact." CT Page 3790Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Miller v. United Technologies Corp., supra,233 Conn. 744.
The defendants move for summary judgment on Counts One and Two, claiming that the plaintiff's action is barred by the applicable statute of limitations.
B. Count One, Breach of Implied Covenant of Good Faith
In Count One, the plaintiff alleges tortious misconduct by the defendants by virtue of breaches to the Memorandum of Agreement signed by the defendant, Joseph Moukawsher, on December 9, 1996, which states, among other matters, that "Moukawsher and Moukawsher agree to provide all legal services in connection with said sale and mortgage until complete payment of purchase price." It is undisputed that there is no express covenant of good faith in the agreement. Plaintiff wants the court to accept that the applicable statute of limitations in such circumstances is the six year contract statute. This court is not persuaded.
The applicable statute of limitations when claiming a breach of the implied covenant of good faith and fair dealing is §52-577, Connecticut General Statutes, a three year statute. Cityof West Haven v. Commercial Union Insurance Co., 894 F.2d 540
(2nd Cir., 1990).
As previously noted, it is clear there is no good faith provision in the Memorandum of Agreement. Thus, any implied covenant of good faith and fair dealing has been found to be a tort duty, Grand Sheet Metal Products Co. v. Protection MutualInsurance Company, 34 Conn. Sup. 46 (1977), with the applicable three year statute of limitations.
Alternatively, the plaintiffs would also like this Court to find that the defendants had a continuing course of conduct with the plaintiff as a way to toll the three year statute. There is no continuing duty in this situation by the defendants after the closing of the real estate transaction and Mrs. Marshall is in receipt of the "payment of the purchase price." That was all completed on the date of the closing and any continuing duty the defendants had to the plaintiff as to the agreement ended on that date.
Accordingly, the statute of limitations began to run on July CT Page 3791 9, 1987, the date the real estate transact on was completed and Mrs. Marshall received the payment of the purchase price. Thus, the statute of limitations ran on July 9, 1990. This action was brought on December 9, 1992, with service on the defendants on that same date. The statute of limitations, therefore, ran prior to commencement of suit. Defendant's motion for summary judgment is granted as to the first count of plaintiff's amended complaint.
C. CUTPA
The Connecticut Unfair Trade Practices Act, General Statutes § 42-110b(a), provides in relevant part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." This act is controlled by a three year statute of limitation. Section42-110g(f), Connecticut General Statutes.
The plaintiff concedes in her brief that the statute of limitations issue as to the CUTPA count is a "closer call."
The plaintiff argues that the defendants had a continuous duty to represent until the foreclosure action which is a basis for the tolling of the statute of limitation. Again, this court is not persuaded. Plaintiffs' CUTPA count is based on all the allegations cited in Count One, relating to the Memorandum of Agreement and specifically the cited language, "Moukawsher and Moukawsher agree to provide all legal services in connection with said sale and mortgage until complete payment of purchase price."
"To support a finding of continuing course of conduct that may toll the statute of limitations under CUTPA, there must be evidence of a breach of duty that remained in existence after commission of the original wrong related thereto and that duty must not have terminated prior to commencement of the three year period allowed for bringing action for such wrong." C.G.S. §42-110g(f); Fichera v. Mine Hill Corp., et al, 207 Conn. 204,541 A.2d 472. That is not the case here. By the very language contained in the Memorandum of Agreement, defendants' continuing duty ended when Mrs. Marshall received payment of the purchase price. That occurred at the closing. Under a three year statute of limitations, the plaintiffs are barred from a CUTPA action. The closing took place on July 9, 1997, and this action was not commenced until December 9, 1992, well after the statute ran. CT Page 3792
It should also be noted that it has been held that negligence cannot be a basis for CUTPA claims. Susan M. Haynes v. Yale-NewHaven Hospital et al, 243 Conn. 17, 35 (1997). "We conclude that professional negligence — that is, malpractice — does not fall under CUTPA. Although physicians and other health care providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the professions are covered, just as only the entrepreneurial aspects of the practice of law are covered by CUTPA." Id. The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons. Id.
Since this court has disposed of Count Two based on the statute of limitations, there is no need for the court to address defendants' alternate argument: the case does not merit the "three prong test" for CUTPA purposes.
Accordingly, the court grants the defendants' motion for summary judgment as to Count Two.
III. Conclusion
The plaintiff's claims under Counts One and Two of the complaint are barred by the applicable statute of limitations. Accordingly, the defendant's motion for summary judgment is granted as to those two counts.
Handy, J.