[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Ronald Little has alleged in his complaint that for a period of time of approximately a year, culminating on August 27, 1997, he was subjected to a series of degrading and humiliating actions by the defendant's son, Luke Bauer, and his friends. The conduct was motivated, at least in part, by a desire to ridicule his medical condition. Property damage and emotional distress are among the items of damage alleged. The first count sounds in negligent supervision on the part of the defendant mother and the second count is grounded on § 52-572, which provides that a parent may be liable, to an extent, for the willful and malicious conduct of a child.
The defendant has moved for summary judgment in her favor and claims that the pertinent statutes of limitations bar, in whole or in part, the causes of action. The defendant asserts that the first count is barred by § 52-584, which pertains to negligence actions, and the second count is barred in part by § 52-577, the statute of limitations pertaining to intentional torts. The plaintiffs agree that those are the relevant of statute of limitations, but claim that the two-year portion of § 52-584
does not begin to run until discovery of the cause of action, and that the three-year limitations are stayed by the continuing course of conduct doctrine.
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984). CT Page 2181
I first address the claim that § 52-584 bars the first count, which is based on negligence. It is not disputed that the statute applies. The statute states, "No action to recover damages for injury . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no action may be brought more than three years from the date of the act or omission complained of. . . ." The last act complained of occurred on August 27, 1997, and consisted of acts of vandalism to the plaintiffs' house. it is agreed that the instant action was commenced, for our purposes, on August 25, 2000. Unless some exception tolls the statute, then, the action is barred by the two-year provision of § 52-584.
The plaintiff claims that the cause of action did not accrue until after the Commission on Human Rights and Opportunities ("CHRO") issued its decision holding specifically named boys, including Luke Bauer, responsible for the harassment. Prior to that time,[1] it is argued, the knowledge of the existence of the cause of action was fraudulently concealed from them. The difficulty with this position is that the plaintiffs complained to the CHRO in January, 1998, and specifically named Luke Bauer, among others, in their complaint. Equally critically, the plaintiff Ron Little, in his affidavit in opposition to the motion for summary judgment, specifically states that on August 27, 1997, he arrived home from doing an errand to discover that the police were talking to a group of boys, including Luke Bauer, whom he knew as a long-time next door neighbor. He found out at that time that the boys had been caught doing damage, and shortly thereafter he demanded restitution from the boys' parents, including the defendant. The plaintiffs' memorandum in opposition to the motion for summary judgment seems to concede that as of August 27, 1997, the plaintiffs knew of Luke Bauer's involvement. Even if there had been fraudulent concealment, which I do not expressly find one way or the other, prior to that date, there is no genuine issue of fact material to the plaintiff's knowledge of the existence of the cause of action as of August, 1997.
Because of their actual knowledge, the first count is barred by the two-year "accrual" provision of § 52-584. The two-year clause begins to run when "the plaintiff discovers or should discover through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury." Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509 (1989). The focus on the two-year "accrual" clause is on the plaintiff's knowledge rather than on the conduct of the defendant. Catz v. Rubenstein,201 Conn. 39, 44-47 (1986). Because the plaintiffs almost certainly knew and in any event had good reason to know of the involvement of Luke Bauer on August 27, 1997, and certainly knew all along that CT Page 2182 the defendant was his mother with whom he lived, and certainly knew enough to allege such involvement in another forum in January, 1998, the first count is barred by the two-year provision of § 52-584.
The second count alleges parental responsibility for intentional misconduct pursuant to § 52-572. It is agreed that the three year statute of limitations for intentional torts, § 52-577, applies. The defendant claims that all but the last alleged act is barred by the statute, because only the act of August 27, 1997, occurred less than three years before the date of commencement of this cause of action, August 25, 2000. The plaintiff claims that the continuing course of conduct doctrines and fraudulent concealment toll the statute to include all of the series of events.
"`When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed.' Handler v. Remington Arms Co., 144 Conn. 316, 321, 130 A.2d 793
(1957)." Sanborn v. Greenwald, 39 Conn. App. 289, 295 (1995). "`The continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied.' [Blanchette v. Barrett, 229 Conn. 256, 276 (1994)]. For example, the doctrine is generally applicable under circumstances where `[i]t may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury' or where the negligence consists of a series of acts or omissions and it is `appropriate to allow the course of [action] to terminate before allowing the repose section of the statute of limitations to run. . . .' Id., 277." Sanborn, supra, 295-96.
The continuing duty concept is conceptually different from the continuing duty of care doctrine. In the latter situation, the statute may be tolled because for a period of time after the last actual act has occurred a continuing duty to act to remedy a condition still exists. Typically such a duty may arise where a "special relationship", such as a doctor-patient relationship, exists and the circumstances impose a continuing duty, for example, to warn of a condition. See. e.g., Sherwoodv. Danbury Hospital, 252 Conn. 193 (2000); cf Nieves v. Cirmo67 Conn. App. 576 (2002). As noted in the language quoted from Sanborn,
the continuing course of conduct doctrine occurs in the context of a series of events, some of which are within the period of time allowed by the applicable statute of limitations and some without. If the acts all contribute to a result and it is impossible to determine the specific causes of the resulting harm, or if the time of the individual acts cannot be specifically determined, the continuing course of conduct doctrine may serve to "save" the earlier actions. The inquiry is CT Page 2183 "conspicuously fact-bound." Blanchette v. Barrett, supra, 276.
In part because the alleged harm includes emotional distress and mental anguish, loss of enjoyment of life's activities and loss of use of the enjoyment of the plaintiffs' home, which damages arguably may arise from the entire course of conduct, and because the inquiry is "conspicuously fact bound", I find that genuine issues exist as to whether the series of events is appropriately the "act or omission complained of" for the purpose of the application of § 52-577. It is undisputed that the last act is within the period allowed by § 52-577. The motion for summary judgment is denied, then, as to the second count of the complaint.
 ___________________, J. Beach