[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Estate of Andre Williams and Linda Williams ("the plaintiffs") brought the present action to recover damages for wrongful death and personal injuries against the Norwalk Hospital and its ambulance driver (the "third party plaintiffs"). The damages are claimed to have resulted from a motor vehicle accident CT Page 10776 occurring in August of 1987 and the third-party plaintiffs have impleaded the owner and operator (the "third-party defendants") of the vehicle in which Andre Williams and Linda Williams were passengers. In the impleaded action, the third-party plaintiffs assert that the accident was caused, in whole or in part by the negligence of the third-party defendants and seek an "assessment" of the proportionate share of recoverable damages and "contribution".
Prior to the institution of the present action the plaintiffs, for consideration, released and discharged the third-party defendants for all claims arising out of the accident. The third-party defendants have now moved for summary judgment asserting that General Statutes Section 52-572h(c) abolished joint and several liability and contribution among tort feasors and assert that they cannot be held liable for the plaintiffs' damages because they have been released by the plaintiffs.
In the determination of a motion for summary judgment, the evidence must be reviewed in the light most favorable to the nonmoving party who is given the benefit of all favorable inferences that can be drawn. Catz v. Rubenstein, 201 Conn. 39, 49
(1986). A summary judgment is appropriate, however, where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 384.
In the present case, the accident giving rise to the claims of the plaintiffs occurred after October 1, 1986 and before October 1, 1987 and, therefore, the determination of the issues are governed by the Tort Reform Act of 1986. In August of 1987 when the accident occurred, General Statutes Section 52-522h(c) provided as follows:
 "(c) unless otherwise provided by law, in a negligence action to recover damages for personal injury or wrongful death, occurring on or after October 1, 1986, if the damages are determined to be proximately caused by the negligence of more than one person, each person against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section" (emphasis supplied)
Subsection (f) of the same statute required that the jury or the court specify the percentage of negligence that proximately caused the injury, in relation to one hundred percent, that is attributable to each "person" whose actions were the proximate cause of the damages. Subsection (d) of the statute provides the formula by which the proportionate share of damages is calculated. CT Page 10777
There are no provisions in the statutes requiring that the third-party defendants be made parties to the litigation. The "proportionate share of the recoverable . . . damages" attributable to the third-party plaintiffs can be determined without the presence, as a party, of the third-party defendants. See, Rosiello v. Ladden, 2 Conn. L. Rptr. 238 (Aug. 7, 1990 Santos, J.) The liability of the third-party plaintiffs, and their proportionate share of damages, if any, will, therefore, be determined in the lawsuit initiated by the plaintiffs and the third-party plaintiffs cannot establish a right to contribution.
If the third-party defendants, who have settled their dispute with the plaintiffs, were required to defend the present action there would be a resulting disinclination to settle disputes and unnecessarily complicate the existing litigation. See, Stefano v. Smith, 705 F. Sup. 722, 737 (D.Conn. 1989).
Accordingly, the Motion for Summary Judgment is granted.
RUSH, J.