[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue before the court is should the court grant the defendant's motion for summary judgment? It is found that the plaintiff has failed to submit evidence to dispute the defendant's proof and that, therefore, the court should grant the defendant's motion.
Genevieve Lenart filed suit against the City of Derby and the Valley Association of Retarded Children Adults (VARCA) in a two count complaint for injuries she sustained in a fall. The complaint alleges that the defendants negligently maintained and controlled the area where Lenart fell. Lenart died on November 28, 1991, and the decedent's executrix has moved to be substituted as a party plaintiff.
VARCA answered the amended complaint and asserted two special CT Page 4905 defenses: contributory negligence and collateral source payments. The plaintiff has answered the special defenses, thereby closing the pleadings.
VARCA moves for summary judgment as to count two, which is the sole count asserted against it. VARCA has submitted a memorandum of law, the affidavit of its president and excerpts from deposition testimony of the decedent. The plaintiff opposes the motion and has filed a memorandum of law.
Summary judgment is appropriate when no material issues of fact exist and the movant is entitled to judgment as a matter of law. Practice Book 384. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation omitted). Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "`When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant.'" (Citation omitted). Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
VARCA argues that it did not owe the decedent any duty because she fell and injured herself on property that VARCA did not own or over which it did not have control. VARCA argues that it is therefore entitled to judgment as a matter of law. In opposing the motion, the plaintiff counters that a material question of fact exists as to whether VARCA did have control over the place of the injury and whether it should have illuminated the area.
The defendant submitted excerpts from deposition testimony given by the decedent under oath. Because the declarant is dead, the transcript of her deposition would be admissible into evidence at trial pursuant to the "Dead Man's Statute". See General Statutes 52-172. It is clear, therefore, that the transcript of the deposition testimony may be considered in deciding this motion.
In her deposition, the decedent said that she fell as she was stepping off the curb onto the street. (Dep., p. 35.) She had just unlocked the passenger door, which was on the curb side of the street and was on her way to the driver's side of the car when she fell. (Dep. pp. 35-36.) In the affidavit, the president of VARCA, Rita Sheehy, attests that VARCA did not maintain the curb and street where the decedent fell.
The plaintiff has not submitted any evidence that disputes these facts. Therefore, relying on the movant's evidence; Catz, supra; there is no dispute as to where the decedent fell. It is further noted that there is no evidence that VARCA maintained or CT Page 4906 controlled the curb and street. It is also noted that no evidence exists justifying a claim that VARCA owed the decedent a duty. It is thus found that the court should grant VARCA's motion for summary judgment.
Motion is granted.
McGRATH, JUDGE