[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND COUNT
The following facts are alleged in the plaintiffs' amended complaint. On May 11, 1988, the defendant, Ferdinand Sauer, M.D., performed an operation known as a reduction labioplasty to correct plaintiff Cheri Gross's diagnosed labial malformation. During the course of this surgical procedure, Cheri Gross's left labia minus was virtually ablated and her right labia minus was significantly reduced. According to the complaint, the injuries suffered by Cheri Gross were progressive in nature, and did not become fully manifest until after the plaintiffs were married.
The first count of the complaint in this action, alleges on behalf of Cheri Gross malpractice against defendant physician; the second count seeks damages for loss.
The complaint sets forth two counts against the Dr. Sauer. The first sets forth plaintiff Cheri Gross's (plaintiff wife) allegations of negligence and lack of informed consent. The second count sets forth plaintiff Richard Gross's (plaintiff husband) loss of consortium claim. The defendant has moved to strike the entire second count on the ground that the claim is insufficient as a matter of law since the plaintiffs were not married at the time the actionable conduct (i.e. the operation) occurred.
In Hopson v. St. Mary's Hospital, 176 Conn. 485, 493,408 A.2d 260 (1979), the supreme court recognized as legally protected a person's interest in the consortium of his or her spouse, holding that "should the victim [of tortious misconduct] be married, it follows that the spouse may suffer personal and compensable. . . injuries as a direct result of the defendant's negligence, and that such injuries should not go uncompensated." Gurliacci v. Mayer, 218 Conn. 531, 564,590 A.2d 914 (1991), citing Hopson v. St. Mary's Hospital, supra, 493. It is undisputed, however, that a right to bring a claim for loss of consortium exists only between married persons. CT Page 7724 Gurliacci v. Mayer, supra, 562.
In Gurliacci, the supreme court stated that "an action for loss of consortium cannot be maintained unless the plaintiff was married to the injured person at the time of the actionable conduct." (Emphasis added.) Id., 564, citing Briggs v. Butterfield, 104 App.Div.2d 626, 479 N.Y.S.2d 758
(1984).
The plaintiff husband, also citing Gurliacci, supra, 564, argues that cause of action for loss of consortium may be asserted where the injury occurs after the parties are married. Id. The plaintiff husband argues that an "injury occurs" when a party suffers some form of actionable harm, citing Catz v. Rubenstein, 201 Conn. 39, 43, 513 A.2d 98 (1986); Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257 (1984), and that "actionable harm" requires "[a] breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff." Catz v. Rubenstein, supra, 44. Relying on Catz v. Rubenstein, the plaintiff husband then argues that because Cheri Gross had not yet discovered, nor in the exercise of reasonable care could she have discovered, her injuries prior to her marriage, the injuries did not "occur" until after the plaintiffs were married.
In paragraph 7 of the second count of the amended complaint, the plaintiff husband alleges that his wife's "left labia minus was virtually ablated and her right labia minus was significantly reduced. . . during the course of said medical procedure," which, according to the allegations of the amended complaint, occurred on or about May 11, 1988. (Emphasis added.) We conclude that even under Catz v. Rubenstein, supra, the breach of duty by the defendant and the causal connection between the defendant's breach of duty and the resulting harm to the plaintiff, hence, the "injury;" occurred at that time.
Finally, the plaintiff husband, however, argues further that because the damage to his wife's labia was not discovered until after marriage, the "injury" upon which the plaintiff's claim is predicated did not occur until after the two were married. It is true that statute of limitations interpreted and applied in the Catz case, General Statutes52-584, states that "[n]o action. . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." However, in our view, rules governing an action for loss of consortium, as set forth in Hopson v. St. Mary's Hospital, supra, and its progeny, is not linked to the language incorporated into General Statutes 52-584, but CT Page 7725 depends on the date that the injury is actually suffered. "[A] cause of action for loss of consortium does not exist where the injury occurred prior to the marriage of the parties." Gurliacci v. Mayer, supra, 564. We know of no good reason [that if] to stretch existing law to permit an action for loss of consortium to encompass injuries sustained prior to marriage but discovered after marriage.
Defendant's motion to strike count two of the plaintiffs' amended complaint is granted.
Wagner, J.