[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #115
On October 9, 1991, plaintiff Michael L. Feinberg filed a one-count Complaint alleging that defendant Claire-Bette Newman failed to pay the unpaid principal and interest on a promissory note ("Note") that was due and payable on July 10, 1991. Defendant filed an Answer and Special Defense on March 25, 1992, and the pleadings were closed on April 6, 1992 when plaintiff CT Page 7673 filed a Reply to defendant's Special Defense.[1]
Specifically, plaintiff alleges that defendant executed promissory note on July 10, 1986 in which defendant promised to pay plaintiff the principal sum of $35,000, together with interest. The unpaid balance of the principal and interest became due and payable on July 10, 1991, and plaintiff alleges that defendant has failed to make the required payment.
Defendant's Special Defense asserts that she merely serves as an accommodation party to the Note, and that "any proceeds of the subject transaction were given to and used by Kenneth M. Jacks." Kenneth M. Jacks is a signatory to the Note, but he is not a party to this action.
Plaintiff filed a Motion for Summary Judgment on May 6, 1992, accompanied by a memorandum of law and supporting affidavit on June 12, 1992. Plaintiff's Motion was argued before the Court, Maiocco, J., on June 15, 1992. Defendant filed a supplemental affidavit in opposition on June 18, 1992, and plaintiff filed a supplemental memorandum in support of his Motion on June 22, 1992.
Summary Judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted). Hammer v. Lumberman's Mutual Casualty Co.214 Conn. 573, 578, 573 A.2d 699 (1990). "`[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact.'" (Citation omitted). Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (199). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citations omitted). Connell v. Colwell, supra. A "`genuine' issue . . . has been defined as one which can be maintained by substantial evidence." (Citations omitted). United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). A "`material' fact has been defined . . . as a fact which will make a difference in the result of the case." (Citation omitted). Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986).
Plaintiff maintains that he is entitled to summary judgment because defendant executed the subject. Note in the amount of $35,000, the Note matured on July 10, 1991, and defendant failed to make the requisite payment. He argues that defendant is a co-maker of the Note and, as co-maker, her liability is "unconditional and absolute." Plaintiff further argues that even CT Page 7674 if defendant was merely an "accommodation party: to the Note, defendant signed the Note in the capacity of an "accommodation maker," and, accordingly, she is liable in that capacity to plaintiff. Plaintiff concludes that he is entitled to summary judgment because defendant's Special Defense, in which she asserts that she is a merely an accommodation party to the Note is "as a matter of law, not a defense to this action, because [defendant] is liable to the plaintiff whether she is considered a co-maker or an accommodation maker."
Defendant maintains that she signed the Note solely in the capacity of an accommodation party. Defendant contends that plaintiff released the principal maker of the Note, Kenneth M. Banks, from his obligation on the Note and she argues that there is an issue of material fact as to the effect of that discharge on her obligation. Defendant observes that General Statute42a-3-605(d) provides an accommodation party with a "surety defense, and that she is entitled to that defense "in that the waiver by the payee of the note of any rights against the principal maker was a material modification of the terms of the obligation which discharge the defendant's obligation causing he loss with respect to her right of recourse."
Plaintiff counters that even if he had legally discharge Mr. Jacks, he is still entitled to sue defendant pursuant to General Statutes 42a-3-605(b), because a discharge of a party' obligation to pay an instrument does not discharge "the obligation of an indorser or accommodation party having a right of recourse against the discharged party."
In the instant matter, the Note provides in pertinent part "FOR VALUE RECEIVED, we Kenneth M. Jacks and Claire-Bette Jacks, jointly and severally promise to pay to the order of Michael L. Feinberg . . . the principal sum of THIRTY FIVE THOUSAND DOLLAR' ($35,000.00) with interest at the rate of ten (10%) per annum . . . ." The Note further provides that "the entire unpaid balance of principal and interest on the 10th day of July, 1991 shall then be due and payable." The Note is signed by Kenneth M. Jacks and Claire-Bette Jacks.
"[T]he essential characteristic of an accommodation party is that of a surety" because "an accommodation party signs an instrument for the purpose of lending his name to another party." (Citing General Statutes 42a-3-415(1)). Catania v. Catania,26 Conn. App. 359, 363, 601 A.2d 543 (1992). "The intention of the parties as to accommodation status is a factual issue," and such a determination involves "`a question of the intention of the person claimed to be an accommodation party, the person who would be the accommodated party, and the person who was the holder of the paper when the alleged accommodation party signed.'" CT Page 7675 (Emphasis in original). (Citations omitted). Id., 364.
When confronted with a motion or summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Citations omitted). Nolan v. Borkowski, 206 Conn. 495, 501, 538 A.2d 1031
(1988). In the instant case, defendant's liability and defenses to the Note are predicated on whether she is a co-maker, or whether she is an accommodation party. As indicated above, the intent of the parties is a significant factor in determining whether a party is an accommodation party, and the parties' intention is a factual issue. Accordingly, the plaintiff's Motion for Summary Judgment is denied.
THE COURT
Maiocco, J.