[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#120)
On December 27, 1991, plaintiff, Centerbank Mortgage Company ("Centerbank"), filed a single-count complaint alleging that defendants, Brice J. Vickery and Caren C. Vickery failed to make the monthly payments on a promissory note. The Vickerys filed their respective answers on February 11, 1992, and Centerbank filed a response to the Vickerys' answers on April 14, 1992.
Plaintiff filed an amended complaint on March 30, 1992, which is identical in all respects to the original complaint, except that it states facts "showing the interest of Union Trust Company in this action," and it summons "Union Trust Company to appear as a Defendant in this action."
In its complaint, Centerbank specifically alleges that the Vickerys, by virtue of a promissory note, dated February 13, 1984, promised to pay Centerbank the principal sum of $54,000, plus interest, and that the Vickerys secured the note by a mortgage deed. Centerbank asserts that "[t]he installment of interest and principal due on May 1, 1991 and each and every month thereafter have not been paid, and the Plaintiff has exercised the option to declare the entire balance due on the Note due and payable." Amended Complaint, para. 4. Centerbank seeks various forms of relief, including a foreclosure of the mortgage, immediate possession of the premises and a deficiency judgment against the Vickerys.
The Vickerys each filed an answer in which they admit only that they are the record owners of the premises and that they are currently in possession of said premises. They neither admit nor deny the remaining allegations, but "leave it to the Plaintiff's proof."
On May 28, 1992, Centerbank filed a motion for summary judgment against the Vickerys, interlocutory in nature, claiming that there is no genuine issue of fact concerning liability. The Vickerys filed their respective oppositions on June 11, 1992.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) Hammer v. Lumberman's Mutual Casualty CT Page 8342 Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . .'" (Citation omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citations omitted.) Id., 246. A "`genuine' issue . . . has been defined as one which can be maintained by substantial evidence." (Citations omitted.) United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378, 260 A.2d 596 (1969). A material fact is a fact which will make a difference in the outcome of the case. (Citation omitted). Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986).
Practice Book 380 provides that a "motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like."
In the instant matter, plaintiff's sole support for its motion consists of uncertified copies of an Open-End Mortgage, Adjustable Rate Rider, an Agreement Changing Mortgage and Note, a document entitled Schedule A, and an Adjustable Rate Note.
Accordingly, the plaintiff has not met its burden of proving that defendants have failed to pay their monthly installments on the note. Therefore, the plaintiff's motion for summary judgment is denied.
PICKETT, J.