[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT #120
On June 1, 1992 plaintiffs filed a cross motion for summary judgment, a memorandum of law, four affidavits, and numerous exhibits. Plaintiffs move that the court "grant partial summary judgment as to the lack of effectiveness of an alleged insurance endorsement. . .". Thus, the plaintiffs are moving for summary judgment on defendant's third special defense which defense alleges that the subject insurance policy contains a coverage limit of two hundred dollars for "property used or intended for use in a business."
Summary judgment may be granted only where "the pleadings affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). The function of the court is to determine whether an issue of material fact exists, not to decide such issues. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). A material fact is a fact that will make a difference in the result of a case. Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986).
In support of their motion plaintiffs argue that they did not receive notice of a change in coverage or a copy of the endorsement which limited coverage to two hundred dollars for property used or intended for use in a business. In further support of the motion, plaintiffs have submitted the affidavits of Meyer Biller and Sandra Wright. In their affidavits, both Biller and Wright attest to the following statements: "I am a named insured under Allstate's Deluxe Homeowner's policy more particularly identified as policy number 079589720." and "At no time, did I ever receive or receive notification of the existence of an endorsement which purports to limit the amount recoverable under said policy for business property."
The defendant has submitted the affidavit of Myran Gapski, Property Unit Claim Manager for defendant Allstate. In the affidavit Gapski attests to the fact that: "Allstate insured plaintiffs' premises . . . under property insurance policy No. 019589720 ("the policy") subject to the terms, limitations and conditions of the policy for consideration paid." and "The policy limits the total amount of coverage for `property used or intended for use as a business' to two hundred dollars."
Obviously, the conflicting claims stated in the affidavits CT Page 8445 of the parties raise an issue of material fact, namely, whether the policy then in effect limited the total amount of coverage for property used or intended for use in the plaintiff's business. Accordingly, summary judgment relief is inappropriate and the motion is denied.
Maiocco, Judge