[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 15, 1993, the plaintiff, Walters Automotive Distributors, Inc., filed a three count complaint against the following defendants: (1) Branford Motors, Inc. d/b/a Branford Mitsubishi; (2) Randy Brown; (3) Kenneth Hagen; and (4) Jan C. Doyle. The third count of the complaint alleges the following facts. Doyle "personally guaranteed payment for the goods and materials purchased by and the performance of the corporate defendant, BRANFORD MOTORS under [a] . . . credit agreement and guaranty." The plaintiff claims monetary damages, attorney's fees and a reasonable order of payments of any debts accruing from personal services provided to the defendants.
Doyle filed a motion for summary judgment on October 13, 1994. In support of her motion, Doyle filed numerous documents, including a memorandum in support and an affidavit of Jan C. Doyle. Doyle argues, as pleaded in her third special defense, that the plaintiff lacks standing with regard to the third count of the its complaint.
Doyle claims the following facts in her affidavit. Doyle was employed with Branford Motors between 1990 and 1992. On February 7, 1990, Doyle signed a credit agreement with "Walters Auto and Truck Parts, Inc." guarantying Branford Motors' credit with Walters Auto and Truck Parts, Inc. Doyle signed this agreement at the request of her supervisors, Randy Brown and Kenneth Hagen, corporate officers of Branford Motors.
The plaintiff filed its memorandum in opposition to Doyle's motion for summary judgment on October 27, 1994. The plaintiff filed various documents with its objections, including an affidavit of the plaintiff. The plaintiff claims that "Walters Auto and Truck Parts, Inc." is a subsidiary entity and trade name of "Walters Automotive Distributors, Inc."
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.CT Page 12704Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384. "A material fact has been defined . . . as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "A `genuine issue' has been variously described as a `triable,' `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted.) United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378, 260 A.2d 596 (1969).
The moving party "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp. , supra, 229 Conn. 105. In deciding a motion for summary judgment, "the evidence must be viewed in the light most favorable to the nonmovant, and he is given the benefit of all favorable inferences that can be drawn." (Citations omitted; internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 49, 513 A.2d 98 (1986).
Doyle argues in his memorandum in support of his motion for summary judgment that the credit agreement and guaranty upon which the plaintiff is suing is with "Walters Auto and Truck Parts, Inc.," not "Walters Automotive Distributors, Inc." Therefore, Doyle argues, the plaintiff has no standing to sue her in the present action.
The plaintiff argues in its memorandum in opposition that "Walters Auto and Truck Parts, Inc." is a subsidiary entity and trade name of "Walters Automotive Distributors, Inc."
A genuine issue of material fact exists as to whether "Walters Auto and Truck Parts, Inc." and "Walters Automotive Distributors, Inc." are the same entity.
Accordingly, Doyle's motion for summary judgment is denied.
Howard F. Zoarski, Judge