[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On September 26, 1994, the plaintiffs, Doris and Cynthia Best, filed a two count amended complaint in negligence against the defendant, Miklos Koleszar, as Administrator of the non-resident estate of Lottie Pius. The plaintiffs allege they were stopped in their vehicle at a red light when a vehicle operated by Pius struck the plaintiffs' vehicle from behind.
On July 7, 1994, the plaintiffs filed a motion for summary judgment along with an affidavit of Doris Best, and a copy of the police accident report. On July 10, 1994, the plaintiffs filed a brief memorandum of law in support. The defendant did not file a memorandum of law or any evidence in opposition to the plaintiffs' motion for summary judgment.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics, Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994). "Although the moving party has the burden of presenting evidence CT Page 12949 that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id.
The plaintiffs have submitted evidence which demonstrates negligence on the part of the defendant. The defendant has not responded to the motion for summary judgment, therefore, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98
(1986). Accordingly, the plaintiffs' motion for summary judgment is granted as to liability.
D'ANDREA, J.