[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #115
This is an action to recover costs to "contain, remove or otherwise mitigate" contamination of property by petroleum hydrocarbon. The defendant's motion for summary judgment raises the legal issue as to which statute of limitations applies to actions for the reimbursement of containment costs.
FACTS
On June 23, 1993, the plaintiffs' Matthew and Denise Doty, filed a one count complaint against the defendant, Steve Mucci d/b/a Steve's Oil Burning Service. The plaintiffs allege the following facts. On September 17, 1988, the defendant was hired to install an oil tank at property located in Sandy Hook, Connecticut. On June 21, 1991, the plaintiffs purchased the Sandy Hook property. In July 1991, the plaintiffs discovered their well was contaminated with petroleum hydrocarbon. The plaintiffs also claim that the defendant negligently installed the oil tank and, therefore, he is liable for containment costs pursuant to General Statutes § 22a-452.
On December 28, 1993, the defendant filed an amended answer and special defense. In his special defense, the defendant alleges that the plaintiffs' claims are barred by the applicable statute of limitations, General Statutes §§ 52-577 and 52-584.
On October 25, 1994, the defendant filed a motion for summary judgment based on the statute of limitations defense. Pursuant to Practice Book § 380, the defendant filed memoranda in support of the motion. The plaintiffs timely filed memoranda in opposition to the motion.
DISCUSSION
The motion for summary judgment is "designed to eliminate CT Page 1782 delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507
(1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06. Summary judgment is appropriate where the action is filed beyond the period in the applicable statute of limitations. Daily v. New BritainMachine Co., 200 Conn. 562, 566-570, 512 A.2d 893 (1986).
The defendant moves for summary judgment on the ground that the statute of limitations bars the action. The defendant argues that since the action was filed more than three years after the occurrence of the alleged negligent act, either General Statutes §§ 52-584 or 52-577 bars the plaintiffs' claim. The plaintiffs argue that General Statutes § 52-577c applies to the present action. The plaintiffs argue further that since the injury to the property was not discovered until July 1991, the action was filed in a timely manner.
General Statutes § 22a-452(a) provides in part that:
 "Any person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other action of such person, firm or corporation."
It appears that no Connecticut court has defined which statute of limitations applies for reimbursement under General Statutes §22a-452. See Electroformers, Inc. v. Emhart Corporation,8 Conn. L. Rptr. 307, 310 (January 29, 1993, Fuller, J.). CT Page 1783
The statute of limitations for negligence actions involving injury to person or property provides that:
 "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than the three years from the date of the act or omission complained of . . . ."
General Statutes § 52-584. "It is clear that the repose portion of § 52-584 which provides that `no action may be brought more than three years from the date of the act or omission complained of' bars the bringing of suit more than three years after the alleged negligent conduct of a defendant regardless of when a plaintiff discovers the proximate cause of his harm or any other essential element of a negligence cause of action." Catz v. Rubenstein,201 Conn. 39, 49-50, 513 A.2d 98 (1986).
The statute of limitations for general tort claims provides that:
 "No action founded upon a tort shall be brought but within three years from the date or the act or omission complained of."
General Statutes § 52-577. The statute of limitations with regard to actions for damages caused by exposure to hazardous chemical substances provides in part:
 "Notwithstanding the provisions of sections 52-577 and 52-577a, no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered."
(Emphasis added.) General Statutes § 52-577c(b). It appears that no case has interpreted the interplay between General Statutes §§ 52-577 and 52-577c. While § 52-577 provides a two year limit after discovery of the damage, no action, regardless of when the CT Page 1784 damage was discovered, may be brought more than three years after the act or omission complained of.
"The Connecticut statute of limitations or torts, unlike those of most other jurisdictions which begin to run when a cause of action has accrued, commence with the act or omission complained of, which is when the tortious conduct or the defendant occurs and not the date when the plaintiff first sustains damage."Electroformers, Inc. v. Emhart Corporation, supra, 310.
In the present case, the defendant installed the oil tank on September 17, 1988. The plaintiffs discovered damage to their property in July 1991, and filed the present action on June 23, 1993. Regardless of which statute of limitations applies to actions brought no pursuant to General Statutes § 22a-452, the action must have been brought no later than September 17, 1991. Since the action was filed beyond the limitations period, the statute of limitations bars the plaintiffs' claims. Therefore, motion for summary judgment is granted.
COCCO, J.