[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, People's Bank, has filed a motion for summary judgment against the defendant, Peter Canavero, on the ground that there is no genuine issue of material fact as to the defendant's liability on three notes, executed by Environmental Enterprises, Inc., by reason of five guarantees of payment on the notes executed by the defendant. The plaintiff filed an affidavit of Michael Fasulo, a vice-president of People's Bank, copies of the notes, copies of the guarantees, an affidavit of attorneys' fees, and a bill of costs. The defendant did not file a memorandum or any evidence in opposition.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Waterand Way Properties v. Colt's Manufacturing, Co., 230 Conn. 660,664, 646 A.2d 143 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
CT Page 2088 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., supra, 230 Conn. 665.
The defendant has filed two special defenses, in which he alleges he was an accommodation maker, requiring the plaintiff to first proceed against the party primarily liable, and that the plaintiff modified and extended the obligation, thereby releasing and discharging the defendant. The plaintiff argues that the defendant explicitly waived his rights to raise these defenses in the guarantee agreements.
"While a determination about a party's intent to waive his rights ordinarily poses a question of fact, clear and definitive contract language can establish waiver as a matter of law."Connecticut National Bank v. Douglas, 221 Conn. 530, 545,606 A.2d 684 (1992).
All five guarantees contain explicit language waiving the guarantor's right to require that any action be brought against the borrower, and expressly allowing changes in terms, or extension of payment obligations. The plaintiff has submitted evidence of the notes and guarantees, and has provided an affidavit attesting to the transactions. The defendant has not responded to the motion for summary judgment, therefore, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98
(1986). Accordingly, the plaintiff's motion for summary judgment is granted.
D'ANDREA, J. CT Page 2089