[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to the court as a court trial. The plaintiffs, Claire Morrissette and Richard M. Morrissette, filed a suit against the defendant, The Stop Shop Companies, Inc., claiming that Mrs. Morrissette slipped and fell over a spilled container of salad dressing left on the floor, while grocery shopping at Stop Shop in Norwalk, Connecticut on November 5, 1992. The plaintiffs are claiming that the store was negligent and as a proximate cause of the store's negligence, the plaintiffs have been harmed. CT Page 5123-T
The plaintiff is claiming that she suffered severe, painful and permanent injuries, including:
a) multiple contusions;
b) cervical sprain;
c) lumbar sprain;
d) spinal stenosis;
e) knee and elbow pain; and
f) permanent disability of the neck and back.
Mrs. Morrissette is also claiming that her injuries have effected aspects of her life in a substantial and negative manner. Mrs. Morrissette is claiming pain and suffering.
Mr. Morrissette is claiming that he has been deprived of the love, affection, companionship, consortium and services of his wife because of the accident.
In terms of damages, the plaintiffs are seeking One Hundred and Fifty Thousand ($150,000.00) Dollars as damages for Mrs. Morrissette's pain and suffering, her economic and non-economic damages, the loss of activities, a loss of life's enjoyment, permanent disability associated with her injury and fear and emotional distress. The plaintiffs are further seeking Twenty Five Thousand ($25,000.00) Dollars as damages for loss of consortium.
The plaintiffs' Complaint, filed August 3, 1994, alleges negligence on behalf of the store for failing to maintain its premises in a reasonably safe condition and that the store's negligence is the proximate cause of the plaintiffs' injuries. The defendant's Answer and Special Defense, filed on December 28, 1994, denied this allegation and interposed a special defense of contributory negligence. The plaintiff's Reply to Special Defenses, filed January 5, 1995, denies contributory negligence.
The Court bifracated this trial and has already determined that the plaintiff, Mrs. Morrissette was a business invitee and that the defendant owed her the duty to maintain its premises in a reasonably safe condition. The Court ruled that the defendant CT Page 5123-U failed in this capacity.
The court finds that the plaintiff was a business invitee and that the defendant owed her the following duties.
1. The defendant had the duty to use reasonable care to inspect the premises and to erect safe guards if necessary to render the premises reasonably safe.
2. The defendant had the duty to warn or guard the invitee from being injured by reason of any defects that it could have discovered by a reasonable inspection; and further, that it had a duty to conduct its activities in a way so as not to injure the invitee.
The issue before this court was due care and notice. The test is whether the alleged dangerous condition did in fact exist, and whether such condition if it did exist, had existed for such a period of time as to give the defendant by use of reasonable care, notice or knowledge of its existence and opportunity to remedy the dangerous condition. Time alone may not in every case be made the test of notice to the storekeeper of the dangerous condition of its floor or any spot on it. What is a reasonable time within which to say a storekeeper should have known and removed the danger will vary with the nature of the business, the size of the store, the number of customers, the nature of the dangerous substance, its location, the frequency of travel over it, the probability of stepping upon it, the opportunity to see and remove it, the location of the danger with reference to the aisles and counters, the light in the store, how the substance came to be upon the floor and other circumstances.
It was incumbent upon the defendant to give such inspection as was reasonably required in order to guard against the dangerous effects of the salad oil spill. Such inspection should be frequent and thorough enough to determine the existing conditions. In this case the court finds that the plaintiff left work at about 4:30 p. m. and was at the Stop and Shop store approximately fifteen to twenty minutes later, meaning that she fell at or about ten minutes to five.
The court finds that the exact time of the incident as reflected on Exhibit 2 is not accurate.
The court finds that the time of admission to the Norwalk CT Page 5123-V Hospital was 6:16 p. m. It is clear from the testimony of the plaintiff and her husband, that it takes approximately fifteen to twenty minutes to get from the accident scene by car to the hospital. This is a fair estimate of the time. There is no dispute that the plaintiff was on the floor for some period of time before she was assisted out of the premises. If the accident happened at six o'clock, the time framework of checking in at the hospital at 6:16 could not work. There was the time she was on the floor, there was the time they discussed getting the ambulance, there was the time it took to assist her off the floor out to the car and then traveling to the hospital. Thereafter, the EMS personnel stabilized her and assisted her out of the car before bringing her in. All of this had to take more than sixteen minutes based on this court's opinion. Then, the log in time at the hospital is 1816 (6:16 p. m.) which means that some information had to be given to the hospital in order for that to have been processed.
The court finds therefore, that the claim of cleaning the premises be the defendant at six o'clock was after the accident took place. The defendant failed to produce the alleged cleaning record of the day in question. It is clear that the report of incident, Exhibit 2, was filed with Stop and Shop. If there was such a record of cleaning, they had an obligation to maintain it, knowing that this injury had occurred. It is reasonable for this court to infer that no one cleaned or inspected the aisles from the time the night manager, Mr. Waheed, came on duty which was at one o'clock until the fall.
The court further finds that the cashier, one Marie Madore, was in close proximity to the aisle where the salad oil bottle was broken and she did not hear glass break.
Further, Exhibit 2 indicates that the location was neither clean nor dry where the fall took place. The location of the fall was between 10 and 15 feet from the cash register where Marie Madore was working.
The manager, Mr. Waheed, did not recall whether there was a printed schedule for the cleanup on November 5, 1992. He admitted he does not wear a watch and is not sure where he got his times from. The salad dressing was on the floor in a circle. The husband testified that he saw salad oil on a dirty floor and broken glass and salad dressing. The area covered with the salad oil spill was two feet in circumference. CT Page 5123-W
In the case of Sokolowsky v. MediMart, 24 Conn. App. 276
(1991) the fact that people were in close proximity to the area where a bottle of after shave had broken, and no one heard it break and the plaintiff fell on the spill was an indication that the material had been on the floor for at least fifteen minutes. In that case, the Appellate Court held that it was reasonable for the jury to infer that since no heard the bottle break during the fifteen minute period, that the material was on the floor for about fifteen minutes. The floors were swept nightly and that the accident occurred about five o'clock. Finally, the evidence showed that the store had no formal policy for periodic checks for breakages or spills.
This court reasonably infers constructive notice in the instant case as the jury did in the Sokolowsky v. MediMart case. The question in that case as in this case is whether the defective condition existed for such a length of time that the defendant in the exercise of reasonable care should have discovered it and remedied it.
The court finds that issue in favor the plaintiff based on the totality of the evidence.
There appeared to be no cleaning policy in effect based on the testimony of Marie Madore.
The testimony of Marie Madore was that she did not recall hearing any glass break in the late afternoon of November 5, 1992.
The court finds that it is reasonable to assume that based on all the evidence, that the material was on the floor long enough for the defendants in the exercise of due care to have to have discovered it and cleaned it up. People in the front heard no glass break and no one is shown to have swept or cleaned the premises from one o'clock to the time of the incident.
The court finds that the plaintiff has proven by a fair preponderance of the evidence, the elements necessary to establish responsibility on the store.
The Court was primarily concerned with due care and notice. The test utilized by the Court was whether the alleged dangerous condition did in fact exist, whether such condition, if it did CT Page 5123-X exist, had existed for such a period of time as to give the defendant by use of reasonable care, notice or knowledge of its existence and opportunity to remedy the dangerous conditions. The Court found that a danger did exist, and that the defendant had constructive notice of its existence and failed to remedy the danger. The Court determined that the plaintiff had proven by a fair preponderance of the evidence, the elements necessary to establish the responsibility of the store.
The essential elements of a negligence cause of action are "[a] breach of duty by defendant and causal connection between the defendants breach of duty and the resulting harm to plaintiff". Catz v. Rubenstein, 201 Conn. 39, 513 A.2d 98 (1986). The Court has determined that Stop Shop breached its duty of care. Two more issues are now before the Court. It must determine whether a causal connection exists between the defendant's breach of duty and the alleged injuries sustained by the plaintiff and further determine if all injuries alleged are the direct and proximate result of the plaintiffs' injuries caused by the fall.
The evidence presented at trial proved, by a fair preponderance of the evidence, that Mrs. Morrissette did in fact fall on salad dressing left on the floor of aisle six in the Stop Shop located in at 680 Connecticut Avenue Norwalk, Connecticut on November 5, 1992. The evidence submitted has proven that Mrs. Morrissette has been injured and that some of her injuries were proximately caused by the defendant's negligence. The next determination to be made is if all injuries alleged in the plaintiffs' Complaint have been proven by a fair preponderance of the evidence and what damages the Court will in fact award.
The plaintiffs have proven, by testimony and medical notations and reports submitted into evidence, that the plaintiff suffered multiple contusions, cervical strain and injury to her knee and elbow due to her fall on November 5, 1992. (Plaintiffs' Exhibit 1, Norwalk Hospital Ambulatory Registration, November 5, 1992, Testimony of Dr. Gerard Sava, M.D., P.C., F.A.C.S., March 29, 1996, Transcript p. 68, line 26). The plaintiff has also proven that she suffered a great deal of pain due to her fall and that her activities were limited.
What is in question is whether all the damages plaintiffs have asserted are attributable to the "accident". The court finds the plaintiff has failed to meet her burden of proof in establishing a causal connection between Mrs. Morrissette's CT Page 5123-Y spinal stenosis and permanent disability of neck and back and the incident of November 5, 1992. The better evidence presented, taken as a whole, illustrates Mrs. Morrissette's condition of spinal stenosis exists, but that it is chronic and a congenital disease that was not caused by the defendant's negligence and Mrs. Morrissette's subsequent fall. Doctor Sava's report, Exhibit B, and testimony is more credible than Doctor Bartons on the issue of spinal stenosis. Mrs. Morrissette's chronic pain in her neck and back are consistent with congenital spinal stenosis and the plaintiffs failed to prove otherwise.
The court finds that the defendant has failed to prove Mrs. Morrissette: 1) failed to keep a proper lookout; 2) failed to avoid the spilled salad oil; 3) failed to make proper use of her senses and faculties or observe conditions; and 4) failed to exercise reasonable care under the conditions existing at the time of the incident. The court finds no contributory negligence on the part of the plaintiff.
The evidence presented by the plaintiff does prove that she did suffer multiple contusions, injury to the knee and elbow, and cervical sprain as a direct result of Stop Shop's negligence. The plaintiffs also demonstrated a loss of consortium. As a result of these injuries, plaintiffs have proven pain and suffering, loss of activity, loss of life's enjoyment and emotional distress.
The court awards the plaintiff, Claire Morrissette, $30,000.00 as fair, just and reasonable noneconomic damages and $4,534.00 as economic damages.
The court awards the plaintiff, Richard Morrissette, $10,000.00 as fair, just and reasonable damages for his loss of consortium.
KARAZIN, J.