[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. 114
The plaintiff, Dorothy Halmstad, commenced an action by service of process on the defendant, Richard Scala, D.D.S., on March 2, 1995. This action arises out of the defendant's dental care and treatment of the plaintiff. The revised complaint, filed on May 26, 1995, consists of two counts, negligence and breach of contract. On June 9, 1995, the defendant filed an answer, which included statute of limitations special defenses based on General Statutes § 52-584, § 52-581 and § 52-576. On June 14, 1995, the plaintiff filed a reply to the special defense. On November 26, 1996, the defendant filed a motion for summary judgment, based on the statute of limitations contained in General Statutes § 52-584, accompanied by a memorandum of law and an affidavit. The plaintiff filed a memorandum in opposition and an affidavit on February 7, 1997.
The facts provided by the pleadings and affidavits indicate the defendant is a dentist who began treating the plaintiff in 1969. On September 17, 1992, the defendant advised the plaintiff to have a blood test and see a medical doctor for the plaintiff's severe gingival swelling and tooth mobility. On either January 10 CT Page 6020 or 13, 1993, the defendant gave the plaintiff her x-ray files and referred her to a periodontist for evaluation and treatment. The plaintiff had emergency surgery on March 9, 1993. The plaintiff has advanced periodontal disease which has resulted in extensive surgical procedures and dentures.
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. . . ." (Citations omitted; internal quotation marks omitted.) Barnes v. Schlein, 192 Conn. 732, 738,473 A.2d 1221 (1984). The burden is on the movant, so "the evidence must be viewed in the light most favorable to the nonmovant and [she] is given the benefit of all favorable inferences that can be drawn." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98
(1986). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984).
General Statutes § 52-584 provides that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by . . . malpractice of a . . . dentist . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ."
In Burns v. Hartford Hospital, supra, 192 Conn. 460, the Connecticut Supreme Court said § 52-584 "requires that the injured party bring suit within two years of discovering the injury. . . . In this context injury occurs when a party suffers some form of actionable harm." (Citation omitted.) In Catz v.Rubenstein, supra, 201 Conn. 44, the court said the plaintiff does not have an "injury" as contemplated by the statute until she discovered or in the exercise of reasonable care should have discovered a causal relationship between the defendant's alleged negligence and her injuries. Only then did she sustain harm that was actionable.
The defendant claims § 52-584 bars both counts of the plaintiff's action because there is no genuine issue that the plaintiff "was possessed with sufficient information" to commence CT Page 6021 the action (1) on September 17, 1992, when the defendant "last treated" the plaintiff and advised her "to have a blood test and see a medical doctor for her severe gingival swelling and tooth mobility," Scala Affidavit ¶ 4; or (2) at the latest, by January 10, 1993, when the defendant "gave the plaintiff x-ray films and referred her to a periodontist for evaluation and treatment of her condition." Scala Affidavit ¶ 5. Since he was not served until March 2, 1995, the defendant argues, the action is barred by the two year limitation provision of § 52-584.
In reference to the second count, the defendant claims that while this count is framed as a breach of contract, the plaintiff has failed to allege any facts which suggest the parties entered into a contract. Thus, this count is for negligence also, and § 52-584 is a bar. See Barnes v. Schlein, supra,192 Conn. 734-36.
The plaintiff acknowledges that the limitations provision of § 52-584 is applicable to the negligence count, but argues that a genuine issue exists as to when the plaintiff discovered her "injury," and therefore when the statute of limitations began to run. The plaintiff attests that it was not until after her emergency surgery on March 9, 1993 that she "learned that [her] condition was the result of the acts or negligence of the defendant." Halmstad Affidavit ¶ 8. Therefore, the plaintiff argues, the negligence count is not barred by the limitations period set forth in § 52-584. The plaintiff opposes the motion for summary judgment on the second count on the ground that this count is based on breach of contract and is not subject to § 52-584 and its two year limitations period. The plaintiff argues that the six year limitations period of General Statutes § 52-576 applies to this count.[1] "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
A genuine issue exists as to when the plaintiff discovered or in the exercise of reasonable care should have discovered her "actionable harm." Therefore, a genuine issue exists as to whether the statute of limitations of § 52-584 is a bar to this action.
For the foregoing reasons, the court denies the defendant's CT Page 6022 motion for summary judgment on both the negligence and breach of contract counts.
Stodolink, J.