[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON NOTION FOR SUMMARY JUDGMENT
The defendants Michael J. Keating Agency, Inc. and Michael J. Keating, Insurance Agents, move for summary judgment. The complaint in four counts against these defendants allege negligence, breach of fiduciary duty, fraudulent misrepresentation and violation of Connecticut Unfair Trade Practices, Connecticut General Statutes Section 42-110b.
These defendants have filed no answer to the complaint. Rather, they attempt to set forth defenses through the filing of this motion and to then seek judgment on the defenses raised by CT Page 9166 the motion. The defendant seeks to raise issues as concerns the statutes of limitations, Connecticut General Statutes Section52-577 and 42-110g(f) and further alleges that CUTPA requires the complaint allege a general business practice. The plaintiff is thence thrust into the position of having to contest issues which have not been properly framed by the pleadings. The method of raising issues without the filing of proper pleadings to frame the issues and allowing counter pleadings to narrow the issues, including matters in avoidance, is allowable (Practice Book Section 379) but causes the parties to in essence plead by briefs.
The plaintiff claims, in defense of the Statute of Limitations claims, that the cause of action arises when a plaintiff suffers actionable harm. Caty v. Rubenstein,201 Conn. 39, 43 (1996). Further that the Statute of Limitations is tolled by the continuous course of conduct doctrine. Connell v. Colwell,214 Conn. 242, 252-255. Handler v. Remington Arms Co.,144 Conn. 316, 321 (1957). Also that fraudulent concealment will toll statutes of limitations, General Statutes Section 52-595. Each of these positions are well taken and, under appropriate factual circumstances, may be applicable to this case.
The plaintiff further claims that the case of Mead v. Burnes,199 Conn. 651 (1986) is not directly in point as concerns the necessity of there being alleged and proven more than a single act as concerns CUIPA — CUTPA. The plaintiff's position is here well taken. The plaintiff does not here seek the payment of benefits which are provided under the terms of the policy, and which are allegedly withheld. Rather he seeks damages for not being provided with a policy which encompasses benefits for which he allegedly bargained, and made payments therefore.
The court determines that the affidavits and documentary evidence fails to show that there is no genuine issue as to any material fact.
The motion for summary judgment is denied.
L. Paul Sullivan, J.