[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On October 5, 1994, the defendants entered into a listing agreement with Lyman Commercial with regard to property owned by the defendants, located at 42 Great Neck Road in Waterford, Connecticut. In the agreement the listing agent is identified as "Lyman Commercial". This cause of action prays for a real estate commission owed to the plaintiffs from the defendants for finding a ready, willing, and able buyer for the listed property.
By Motion for Summary Judgment, dated June 24, 1997, the defendants claim that the plaintiffs are not entitled to any commission as the plaintiffs have failed to conform to the statutory criteria of Section 20-325a of the General Statutes which provides for the recovery of real estate commissions. Defendants' sole claim in their motion is that subsection (b) (2) CT Page 10887 has been violated: failure to "contain the names and addresses of the real estate broker performing the services and the name of the person or persons for whom the acts were done or service rendered." The defendants claim that the plaintiffs did not use the name of the real estate broker but rather used a fictitious name, the name of Lyman Commercial, a fictitious entity. Defendants claim that Lyman Commercial is not a licensed real estate broker; the license number listed is that of Ronald Lyman and he is not the realtor found on the listing agreement.
The plaintiffs argue that P.A. 94-240 amended Section20-325a of the statutes by adding subsection (c). That statutory subsection permits recovery of a real estate commission without strict compliance with subsection (b) of the statute if there has been substantial compliance and it would be inequitable to deny recovery. That act became effective October 1, 1994. The action which is the subject of this matter commenced on October 5, 1995, four days after the effective date of the Public Act.
A motion for summary judgment can only be granted when there is no genuine issue as to any material fact. Miller v. UnitedTechnologies Corp., 233 Conn. 732, 745 (1995). A material fact is one which will make a difference in the result of the case.Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
In this case a genuine issue of material fact clearly exists: whether or not the listing agent, Lyman Commercial, substantially complied with criterion (b) (2) set out in the statutes. Further, there is a genuine issue of material fact as to the interpretation of the listing agreement in its entirety, whether there has been substantial compliance and/or whether it would be inequitable to deny recovery of a commission under these conditions.
Accordingly, defendants' Motion for Summary Judgment is denied.
Handy, J.