[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #116
On January 24, 1994, the plaintiff, Donald A. Wade, was consulted by the defendant, Kenneth Lipow, M.D., in connection with a benign growth in his head.[1] On January 26, 1994, the defendant performed a craniotomy with an excision of a meningioma under general anesthesia on the plaintiff at Bridgeport Hospital. Thereafter, the plaintiff developed complications of focal brain seizures and convulsions, loss of mental acuity and pain. On February 12, 1994, the plaintiff was transferred to Park City Rehabilitation Center for two weeks of treatment, where he was told that he would never walk again. The plaintiff developed infection, swelling and irritation in the brain and head at the surgical site and required frequent draining of fluid from his skull. On May 6, 1994, the defendant performed the second surgery on the plaintiff, a resection of necrotic bone on the scalp. On June 23, 1994, the defendant terminated his care of the plaintiff. On November 23, 1994, the plaintiff transferred his care to Dennis Spencer, M.D. of the Yale University School of Medicine, Neurological Surgery Section. On January 21, 1995, Dennis Spencer referred the plaintiff to Susan Spencer, M.D.
On January 23, 1997, the plaintiff filed a petition pursuant to General Statutes § 52-190a (b) for an automatic ninety-day extension of the statute of limitation. Thereafter, on April 29, 1997, the plaintiff initiated this action by service of writ, summons and complaint. Count one sets forth a claim on behalf of the plaintiff for negligence and count two sets forth a claim on behalf of the plaintiff's spouse for loss of consortium. CT Page 11608
The defendant has filed a Motion for Summary Judgment, asserting that the plaintiff's action is barred by the two year statute of limitations set forth in General Statutes § 52-584. The defendant argues that § 52-584 establishes that a medical malpractice action shall be brought within two years from the date when the injury is discovered or should have been discovered. The defendant argues that the surgery was performed on January 26, 1994 and that he last treated the plaintiff on June 23, 1994. Because the plaintiff knew of his injuries and was aware of his claims for lack of informed consent and the causal connection between his claim and his injuries, yet did not file his action until April 22, 1997, the defendant argues that the action is untimely. The defendant further argues that the applicable statute of limitations is not tolled by either the plaintiff's claim of mental incapacity or the continuing course of treatment doctrine.
In response, the plaintiff argues that his cause of action is timely because of the statutory extensions on the statute of limitations and the continuing course of treatment doctrine. Because of this lack of mental capacity, the plaintiff argues that he could not have discovered his actionable claim at least until one year beyond his last treatment by the defendant.[2]
The plaintiff has submitted an affidavit in opposition to the motion for summary judgment in which he avers that during the period of time through June 23, 1997, he did not have the mental capacity to formulate and understand his legal rights relative to a cause of action against the defendant. The defendant did not submit a counter affidavit.
General Statutes § 52-584 provides in part:
"No action to recover damages for injury to the person . . . caused by . . . malpractice of a . . . surgeon . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ." General Statutes §52-584).[3] "[Section] 52-584 `requires that the injured party bring suit within two years of discovering the injury . . . In this context injury occurs when a party suffers some form of "actionable harm.". . . A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. . . . They are therefore necessary ingredients of `actionable harm.'" (Citations omitted; emphasis in original.) Catz v. Rubenstein, 201 Conn. 39, 43-44,513 A.2d 98 (1986). Consequently, the plaintiff would not have a legal CT Page 11609 "injury" until such time as he discovered, or in the exercise of reasonable care should have discovered a causal relationship between the defendant's alleged wrongful conduct and the plaintiff's condition. Catzv. Rubenstein, supra at 44.
In the present case, the parties do not dispute that the plaintiff's initial injury was sustained on January 26, 1994, the date the defendant performed the craniotomy. However, § 52-584 provides that an action should be commenced within two years from the date the injury was discovered or in the exercise of reasonable care should have been discovered. See Catz v. Rubenstein, supra.
The court finds that there is a question of fact as to when the plaintiff discovered, or in the exercise of reasonable care should have discovered a causal connection between the defendant's alleged wrongful conduct and the plaintiff's condition. The Motion for Summary Judgment is therefore denied.
RUSH, J.