[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Peter Socci, d/b/a Socci Landscape, LLC, has filed motion #138 seeking summary judgment on the basis of the expiration of a statute CT Page 745 of limitations.[1]
The plaintiff, Joseph Tarnowsky, alleges that on March 14, 1997, while walking on property belonging to People's Bank in the Noroton Heights section of Darien, he fell and injured himself on an accumulation of ice. The plaintiff further alleges in the first count of his complaint that his injuries were caused by the negligence of the defendant Socci, a snow and ice removal contractor. The complaint against Socci also contains another count claiming that the plaintiff was a third party beneficiary of the snow and ice removal contract between People's Bank, owner of the subject premises, and the named defendant, Socci.
The movant contends that a claim of negligence must be brought within two years of the date of injury. The defendant Socci was served with process on March 10, 2000, and his motion for summary judgment is based on General Statutes 52-584.[2]
In opposing summary judgment, the plaintiff claims that he did not discover the identity of Socci within two years after his accident, although he does not indicate when and under what circumstances he discovered the identity of Socci except to indicate that it was only after he had commenced a separate suit against the owner of the premises.[3]
The plaintiff cites Catz v. Rubenstein, 201 Conn. 39, 47, 513 A.2d 98
(1986), a medical malpractice case, for the proposition that the two year limitation period does not begin to run until such time as the plaintiff discovers the identity of the person who caused him injuries. "Thus, the two year portion of the statute did not commence to run until the Plaintiffs [sic.] knew or should have known of this particular Defendant's [Socci] culpability."
The plaintiff does not distinguish between the identification of a specific tortfeasor and the discovery of a causal connection between the injuries sustained by a plaintiff and a specific tortfeasors conduct. TheCatz case does not pertain to a delay in identifying a tortfeasor, but rather it involves a delay in realizing that her injuries were caused by a known individual, i.e., her own physician.
General Statutes § 52-584 refers to the discovery of an injury, which is defined as "actionable harm" in Catz v. Rubenstein, supra,201 Conn. 43. The plaintiff fell and knew that she was injured on March 14, 1997. This statute does not refer to discovering the identity of the tortfeasor who caused the injury. The issue is whether a plaintiff "discovered or in the exercise of reasonable care should have discovered that she suffered some form of actionable harm." (Internal quotation CT Page 746 marks omitted). Id., 48. Actionable harm in this case arose on the day the plaintiff fell on the ice and injured himself, but he did not bring suit until more than two years had expired.
The second count of the plaintiff's complaint against Socci alleges that the plaintiff is a third party beneficiary of the contract between People's Bank and Socci, the snow and ice removal contractor. This theory was repudiated in Gazo v. Stamford, 255 Conn. 245, 262, 765 A.2d 505
(2001) ("The liability of [the contractor] to the plaintiff, if any, is based on principles of tort law, and the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint").
Thus, summary judgment in favor of the defendant Socci hereby issues on both counts of the plaintiffs complaint.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of January, 2002.
William B. Lewis, Judge T.R.